ORDER
PER CURIAM:
This matter is before the Court as a result of the Secretary’s motion to dismiss William C. Rickett’s appeal due to the untimely filing of a Notice of Appeal. For the reasons that follow, the Court will grant the Secretary’s motion and dismiss the appeal for lack of jurisdiction.
I. FACTS
On April 14, 2009, more than 120 days after the November 5, 2008, Board of Veterans’ Appeals’ (Board) adverse decision, Mr. Rickett filed a Notice of Appeal with the Court. On July 28, 2009, the Secretary filed a motion seeking the dismissal of Mr. Rickett’s appeal as untimely.[1]
As justification for his untimely filing, Mr. Rickett explained that he had initially sent a Notice of Appeal to “the wrong department.” Notice of Appeal at 1. He attached a copy of a document hand dated January 7, 2009, and addressed to the VA Office of General Counsel, 810 Vermont Ave, NW, Washington, D.C., 20420. That document stated, in pertinent part:
Refer to (014A4)
William C. Rickett
[Social Security Number]
This is to inform you that I wish to appeal this to the Courts.
Thank you
[signed] William C. Rickett.
Notice of Appeal at 2. That January 2009 letter — mailed to the Office of General Counsel within 120 days of the Board decision — is the letter Mr. Rickett urges this Court to construe as his Notice of Appeal with respect to the November 2008 Board decision.
The Court subsequently referred this case to a panel of the Court for oral argument and resolution.
On December 22, 2009, in response to a Court order, the Secretary informed the Court that VA had received Mr. Rickett’s correspondence on January 26, 2009, at the offices of its Professional Staff Group 2 of the Office of the General Counsel. Secretary’s Response at 2. The Secretary averred that the correspondence was forwarded to the Waco, Texas, VA regional office where it was received on February *368 19, 2009, but no further action was taken. Id.
The Secretary argued that the agency’s receipt of Mr. Rickett’s correspondence within the 120-day timeframe set forth for appeals to the Court in 38 U.S.C. § 7266 does not vest the Court with jurisdiction to hear Mr. Rickett’s appeal. The Secretary argued that this Court’s decision in Henderson v. Peake foreclosed any possibility that the time to file a Notice of Appeal with this Court could be equitably tolled. Secretary’s Response at 3 (citing 22 Vet.App. 217, 220 (2008), aff'd sub nom. Henderson v. Shinseki, 589 F.3d 1201 (Fed.Cir.2009)). Moreover, the Secretary contended, this Court’s decision in Irwin v. Shinseki addressed the very question at issue here-a timely but misfiled Notice of Appeal-and held that such a filing had not been timely made “with the Court” as required by section 7266(a). Secretary’s Response at 3 (citing 23 Vet.App 128, 131—32 (2009)).
In response, Mr. Rickett, now represented by counsel, argued that, because VA received his Notice of Appeal within the 120 days after the date on which the Board decision was mailed, it was timely for the purposes of vesting the Court with jurisdiction under section 7266(a).
On January 12, 2009, the Court heard oral argument in this matter. The parties’ arguments remained wholly unchanged from them filings with the Court.
II. ANALYSIS
This matter is firmly controlled by Irwin and Henderson. Indeed, the facts of Irwin are nearly indistinguishable from this case. There, the appellant filed his Notice of Appeal with the Board, rather than the Court, within 120 days of the date on which the Board mailed its adverse decision. The Board later forwarded the Notice of Appeal to the Court, but the Court received it well after the 120-day period had expired. The Court determined that, based on Henderson and the United States Supreme Court’s decision in Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) (holding that equitable tolling of the time to file a Notice of Appeal is not permitted), a timely but misfiled Notice of Appeal could not cqnfer jurisdiction on the Court. Irwin, 23 Vet.App. at 131. Moreover, the Irwin Court emphasized that Mr. Irwin’s Notice of Appeal had not been filed “with the Court” as required by section 7266(a), and that it did not meet one of the two circumstances under which a Notice of Appeal could be “deemed received” by the Court (i.e., on the date of receipt by the Court, if the notice is delivered; or on the date of the U.S. Postal Service postmark, if the notice is properly addressed to the Court and is mailed). Id. (citing 38 U.S.C. § 7266(c)). There is no dispute that (1) the Court did not actually receive Mr. Rickett’s Notice of Appeal until April 14, 2009 — more than 120 days after the date of the Board decision— and (2) Mr. Rickett initially did not properly address his Notice of Appeal to the Court. Therefore, his Notice of Appeal may not be “deemed received” by the Court under section 7266(c).
To the extent that our dissenting colleague and Mr. Rickett attempt to circumvent Irwin by arguing that a Notice of Appeal should be “deemed filed” with the Court as of the date it is received by VA, we find no practical distinction between a document filed and a document “deemed filed.” For a document to be filed with the Court, it must first be received by the Court. It follows, then, that for a document to be “deemed filed,” it must first be “deemed received,” and Congress has dictated the circumstances under which a document may be deemed received: either on the date of receipt of the document by *369 the Court, or on the date of the U.S. postmark if the document was properly-addressed to the Court and mailed. See 38 U.S.C. § 7266(c). As noted above, Mr. Rickett’s January 2009 submission, addressed to VA, does not meet that requirement. See id.
Further, the common law mailbox rule to which our dissenting colleague refers applies only in circumstances in which the appellant can demonstrate that he deposited a properly addressed mailing with the U.S. Postal Service. See Rios v. Nicholson, 490 F.3d 928, 930-31 (Fed.Cir.2007) (“Under the common law mailbox rule, ‘if a letter properly directed is proved to have been either put into the post office or delivered to the postman, it is presumed, from the known course of business in the post office department, that it reached its destination at the regular time, and was received by the person to whom it was addressed.’ ” (quoting Rosenthal v. Walker, 111 U.S. 185, 193, 4 S.Ct. 382, 28 L.Ed. 395 (1884) (emphasis added))).
In other words, in all cases in which the Court has not physically received a Notice of Appeal within 120 days of a final Board decision, an exception is made to deem a document received by the Court within that time frame only where the appellant demonstrates that the document was addressed to the Court. Again, in this case, there is no dispute that Mr. Rickett’s properly addressed Notice of Appeal was not received by the Court within the 120-day timeframe allowed by statute. See 38 U.S.C. § 7266(a).
Importantly, a review of the legislative history of 38 U.S.C. § 7266 reveals that Congress expressly considered the possibility that veterans might address their notices of appeal to VA rather than the Court and amended section 7266 to require that notice of appeal be addressed to the Court. In 1993, 38 U.S.C. § 7266(a) read:
(a) In order to obtain review by the Court of Veterans Appeals of a final decision of the Board of Veterans’ Appeals, a person adversely affected by that action must file a notice of appeal with the Court. Any such notice must be filed within 120 days after the date on which notice of the decision is mailed pursuant to section 7104(e) of this title.
38 U.S.C. § 7266 (1993). In October 1993, proposed amendments to that section, among others, were introduced and, in March 1994, those amendments were reported to the Senate by the Committee on Veterans’ Affairs (Committee). Proposed section 7266 added a provision permitting the Court to deem a Notice of Appeal received in only two circumstances:
[ (a) ](3) A notice of appeal shall be deemed to be received by the Court as follows:
(A) On the date of receipt by the Court, if the notice is delivered.
(B) On the date of the United States Post Service postmark stamped on the cover in which the notice is posted, if the notice is mailed.
S.Rep. No. 103-232, at 1-2 (1993). Also in October 1993, the Committee Chairman sought the Court’s views of the proposed amendments from former Chief Judge of the Court, Frank Nebeker. In response to the proposed amendments to section 7266(a), Chief Judge Nebeker wrote:
[P]roposed section [7266(a) ] does not provide that the envelope containing the notice of appeal must be properly addressed to the Court. For example, many veterans have sent the notice of appeal to the Department of Veterans Affairs, State veterans departments, or veterans service organizations. This is despite the Secretary’s notice of appeal rights, which gives the Court’s address. Envelopes that are not properly ad *370 dressed may arrive at the Court months, or even years[,] after mailing. This factor would call into question the finality of Board of Veterans’ Appeals decisions for an indefinite period. Finality would certainly be doubtful after the 120-day appeal period to the Court had passed, contrary to what is now the case. Under proposed section [7266(a) ], the period during which a Board decision could be stripped of its apparent finality by appeal to the Court would become open[-]ended. The potential impact of this amendment could be substantial.
Id. at 9-10. In response, in November 1994, Congress ultimately enacted the version of section 7266(a)(3) that is in effect today (as section 7266(c)), which provided:
(8) A notice of appeal shall be deemed to be received by the Court as follows:
(A) On the date of receipt by the Court, if the notice is delivered.
(B) On the date of the United States Postal Service postmark stamped on the cover in which the notice is posted, if the notice is properly addressed to the Court and is mailed.
38 U.S.C. § 7266(a)(3) (1994) (emphasis added). It is clear, then, that Congress intended that the Court entertain only those appeals received (or properly addressed and deemed received) by the Corni within 120 days of a final Board decision.
Our dissenting colleague also contends that the Court has a long history of interpreting the 120-day period prescribed by Congress to allow, in essence, additional time to file a Notice of Appeal. We disagree. In cases where the Court has allowed “additional” time — for example, in cases where the 120th day fell on a date the Court was closed, or where an incarcerated prisoner deposited his Notice of Appeal with prison authorities prior to the expiration of the time period but the Notice of Appeal was not received by the Court until after the expiration of the time period — technical compliance with section 7266(a) was not merely “difficult,” as our colleague asserts, but impossible. If the Court is closed, a document simply cannot be filed. Cf. Torres v. Derwinski, 1 Vet.App. 15, 17 (1990) (holding, in a case in which the appellant mailed his Notice of Appeal to VA at a time when the Court had no “physical facilities,” that ‘“literal compliance [with filing requirements is not required] in cases in which it cannot fairly be exacted.’ ” (quoting Fed. R.App. P. 3, advisory comm, note)).[2] Once a prisoner deposits mail with prison authorities, he has no control over when the mail is actually dispatched. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).[3]
*371 Moreover, although our colleague is correct that Rosier v. Derwinski determined that a motion for reconsideration of a final Board decision filed within 120 days of that decision abates the finality of the Board decision, he is incorrect that Rosier is an extra-statutory, judicial extension of the 120 day period to file a Notice of Appeal from that Board decision. 1 Vet.App. 241, 249 (1991). In fact, Rosier clearly states that a motion for reconsideration of a final Board decision filed within 120 days of that Board decision renders the Board decision not final. Id. Because finality does not attach until the Board Chairman renders a decision denying the motion for reconsideration, the 120-day period to file a Notice of Appeal with the Court does not begin until that time. Id. Rosier thus leaves intact Congress’s requirement that a Notice of Appeal be filed within 120 days of a final Board decision. 38 U.S.C. § 7266(a).
Where appellants have been afforded a certain amount of time to file a document by Congress and technical compliance is impossible, the Court will not infringe upon the right provided by Congress by requiring that the document be filed on, for example, the 119th day. Here, however, Mr. Rickett does not argue that technical compliance was impossible. He admits that, along with the asserted confusion caused by the notice of appellate rights, it was his haste that caused him to misread the instructions for filing his Notice of Appeal with the Court. The Court’s address is given in bold type on the first page of the notice of appellate rights, along with the statement that the appeal must be filed within 120 days of the date stamped on the front of the Board decision. Further, the notice of appellate rights informs would-be appellants that “[t]o ensure full protection of your right of appeal to the Court, you must file your Notice of Appeal with the Court, not with the Board, or any other VA office.” Notice of Appellant Rights at 1 (emphasis in original). While it is conceivable that VA could provide its notice of appellate rights in a more concise fashion, we do not believe that the current notice of appellate rights is confusing. Although our dissenting colleague notes that 13 appeals have been dismissed since the Irwin decision was issued because the Notices of Appeal were filed with VA rather than with the Court, we note that hundreds more Notices of Appeal have been properly filed with the Court since Irwin.
Because, as the Court in Irwin succinctly stated, “Congress has not authorized this Court to excuse compliance with the statutory time limit of 120-days and the requirement that the notice be filed with the Court” (23 Vet.App. at 131), and because there can be no dispute that Mr. Rickett’s appeal was not filed “with the Court” within 120 days after the Board mailed its decision (38 U.S.C. § 7266(a)), the Court lacks jurisdiction over this appeal. Accordingly, the Court will grant the Secretary’s motion and dismiss the appeal.
III. CONCLUSION
Upon consideration of the foregoing, it is ORDERED that the stay of proceedings is lifted. It is further ORDERED that this appeal is DISMISSED for lack of jurisdiction.

. On the same date, the Secretary filed a motion seeking a stay of proceedings in this matter pending the Court’s resolution of the motion to dismiss. The Clerk of the Court granted the motion to stay proceedings.

. In Tones, the Court stated:
In this case, the Court's address was not available when Mr. Torres expressed a desire for judicial review. Because the Court had no antecedent, there was not even a former address to which Mr. Torres could have sent his notice. Under these circumstances, which can only arise at the initial phase of a court’s operation, literal compliance with the statute was impossible.
1 Vet.App. at 17.

. To the extent that Mr. Rickett relies on Houston for the proposition that the timing of the filing of the Notice of Appeal is paramount to the location where the Notice of Appeal is filed, we note that the statute at issue in that case, 28 U.S.C. § 2107, does not specify where the notice of appeal is to be filed. See 28 U.S.C. § 2107(a) ("[N]o appeal shall bring any judgment, order or decree in an action, suitor proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree.”). By contrast, section 7266(a) expressly states that the Notice of Appeal must be filed "with the Court.” 38 U.S.C. § 7266(a); Irwin, 23 Vet.App. at 131.