HAGEL, Judge,
concurring:
I fully concur in the Court’s decision, but I write separately to express my concern over the central issue in this case.
It has become clear to me that VA somewhat routinely holds correspondence from claimants that it determines, sometime after receipt, are Notices of Appeal to this Court. As a result, in far too many cases, the Court receives the Notice of Appeal from VA only after the 120-day appeal period has expired, permitting the Secretary to then move to dismiss the appeals for lack of jurisdiction. See, e.g., Rickett v. Shinseki, 23 Vet.App. 366 (2010) (VA forwarded appellant’s otherwise timely Notice of Appeal to the Court more than one month after 120-day period had expired); Irwin v. Shinseki, 23 Vet.App. 128 (2009) (Board forwarded Notice of Appeal to Court more than four months after receipt and approximately one month after the 120-day period expired); Bronson v. Shinseki, No. 09-3554, 2010 WL 1507648 (Vet.App. Apr.16, 2010) (Board forwarded appellant’s otherwise timely Notice of Appeal to the regional office more than two months after receiving it; the regional office forwarded it to the Court more than one month after the 120-day appeal period had expired); Harris v. Shinseki, No. 09-0567, 2010 WL 668926 (Vet.App. Feb.26, 2010) (veteran informed of (otherwise timely) misfiling by VA nearly four months after 120-day period had expired); Stambush v. Shinseki, No. 08-2984, 2010 WL 318493 (Vet.App. Jan.28, 2010) (VA forwarded appellant’s otherwise timely Notice of Appeal to regional office, which then forwarded the document to the Court more than one month after 120-day period had *412 expired); Bove v. Shinseki, No. 08-1468, 2010 WL 318524 (Vet.App. Jan.28, 2010) (regional office forwarded otherwise timely Notice of Appeal more than six months after receipt); Williams v. Shinseki, No. 07-2548, 2009 WL 4979749 (Vet.App. Dec.22, 2009) (Board forwarded otherwise timely Notice of Appeal to Court more than 14 months after receipt); Horne v. Shinseki, No. 09-2042, 2009 WL 3446348 (Vet.App. Oct.28, 2009) (VA forwarded appellant’s otherwise timely Notice of Appeal seven months after receipt); Mendoza v. Shinseki, No. 08-3406, 2009 WL 3389907 (Vet.App. Oct. 22, 2009) (regional office forwarded otherwise timely Notice of Appeal nearly four months after 120-day period expired); Humphreys v. Shinseki, No. 08-2633, 2009 WL 3353032 (Vet.App. Oct.20, 2009) (regional office did not return otherwise timely Notice of Appeal to appellant for more than seven months, causing appellant’s Notice of Appeal to the Court to be filed after the expiration of the 120-day period); Murray v. Shinseki, No. 06-3271, 2009 WL 3157534 (Vet.App. Sept.29, 2009) (Board forwarded otherwise timely Notice of Appeal to regional office, which forwarded it to the Court more than one month after the 120-day time period expired).
Although Mr. Posey has not been harmed by VA’s actions in this case, because the Court has determined that the document he submitted to VA was not a Notice of Appeal, I am compelled to comment on the inherent unfairness to claimants that is created by VA’s actions or lack thereof. The failure of administrative staff at the regional office or the Board to recognize a document as a Notice of Appeal and the subsequent failure to either return the document to the claimant or forward it to the Court within a reasonable time prior to the expiration of the 120-day appeal period could be attributable to simple inattention or lack of awareness on the part of the administrative staff, rather than to any overt attempt to deny claimants the ability to appeal adverse Board decisions. However, VA’s insistence on seeking to terminate a claimant’s appeal to the Court by drafting and filing a motion to dismiss that appeal as untimely at least implies more conscious thought than administrative oversight.
I am a firm believer that it is not the place of the Court to provide specific suggestions to the Secretary regarding the operations of VA. In some cases, however, it is important to point out the impact, perhaps unknown to the Secretary, of the agency’s procedures. The Secretary, after all, has options other than moving to dismiss the case. One, described more fully below, is not to forward the Notice of Appeal to the Court when to do so would result in the claim’s dismissal and consequent bar from further review on the same facts, and instead treat the Notice of Appeal as a motion for reconsideration of the Board decision. Another, if the Notice of Appeal was forwarded to the Court after the expiration of the 120-day appeal period, is for VA to seek to recover jurisdiction. See Cerullo v. Derwinski, 1 Vet.App. 195 (1991) (holding that VA may indicate, after a Notice of Appeal is filed with the Court, that it is inclined to grant reconsideration of the Board decision, in which case VA must file a motion for remand with the Court). A third would be to critically examine the clarity of the current notice of appellate rights provided to claimants by the Board after each adverse Board decision.
As the Court has acknowledged in many cases, most recently in Rickett, it is ultimately the responsibility of the appellant to properly address and file a Notice of Appeal to this Court. Rickett, 23 Vet.App. at 371-72. However, the Secretary’s ability to hold-without consequence to VA — No *413 tices of Appeal that would have been timely had they been filed with the Court until such time as the appeal period has expired forces the Court to dismiss the appeal because we are bound by prior caselaw.[4] See Rickett, 23 Vet.App. at 368-69 (holding that a timely Notice of Appeal misfiled with VA cannot be “deemed filed” at the Court); Inuin, 23 Vet.App. at 131 (holding that misfiling a Notice of Appeal with VA does not toll the time period to file an appeal with the Court); Henderson v. Peake, 22 Vet.App. 217, 220-21 (2008), aff'd sub nom. Henderson v. Shinseki, 589 F.3d 1201 (Fed.Cir.2009) (holding that equitable tolling of the time to file an appeal with the Court is not available under any circumstances). Not only does this result in a gross unfairness to appellants, but also it has the effect of interfering with the Court’s jurisdiction by removing cases (and the issues associated with them) from the Court’s consideration.
Although there is no evidence, and I do not charge, that it is VA’s intention to deprive veterans or their survivors of their ability to appeal Board decisions to the Court, that, nevertheless, is the result of VA’s actions. Admittedly, VA is a huge agency and it routinely handles many, many more claims than this Court does appeals. Despite that fact, in my view, the agency would do well to undertake an evaluation of its correspondence review procedures to ensure that communications from claimants following an adverse Board decision are properly interpreted and forwarded to the Court in a timely manner or returned to the claimant with proper explanation, rather than held until it is too late for the claimant to exercise his or her right to independent judicial review. See, e.g., U.S. Vet.App. R. 3(a) (stating that a Notice of Appeal may be filed by facsimile transmission); U.S. Vet.App. Electrons R. 2(c) (providing for the filing of a Notice of Appeal as an attachment to an electronic mail message).
Of course, Congress also has the ability to easily fix this problem. Should Congress choose to do so, however, I believe great care should be taken to preserve the distinction between independent judicial review and agency adjudication. Below are two possible options.
First, some have suggested that the Court might deem Notices of Appeal filed with VA within 120 days of the adverse Board decision timely Notices of Appeal to the Court. See Rickett, 23 Vet.App. at 371-76 (Kasold, J., dissenting). This, I believe, is the wrong approach. Permitting Notices of Appeal to be routinely filed with VA rather than the Court would blur the line between review by an independent federal court — a review conducted by Federal judges appointed by the President of the United States and confirmed by the United States Senate — and internal review by VA employees, a line that should be sharply and precisely drawn. Thus, in my view, any change in the law that would permit Court documents to be filed with the administrative agency — which has already denied the appellant’s claim at least twice — would only result in further confusion for claimants regarding the relative roles of VA and the Court.
Another option — one that would preserve the important distinction between the Court and VA — would be for Congress to amend 38 U.S.C. § 7103 (governing re *414 consideration of Board decisions) or 38 U.S.C. § 7266 (regarding Notices of Appeal) to include language providing that a Notice of Appeal filed with VA during the 120-day appeal period following an adverse Board decision will be treated as a motion for reconsideration of the Board decision if VA does not forward the Notice of Appeal to the Court in a timely manner. The consequence of such a change would cause these documents to be processed in accordance with the procedures currently in place for such motions, and thus preserve the claimant’s right to judicial review.[5] See Rosler v. Derwinski, 1 Vet.App. 241 (1991).

. One Judge of this Court takes a contrary view and would find it within the Court's authority to treat Notices of Appeal filed with VA within 120 days of the Board decision as "deemed filed” with the Court, a position with which my concurring colleague and I disagree. See Rickett, 23 Vet.App. at 371-76 (Kasold, J., dissenting). My reasons for disagreeing are set forth below.

. Given the obligations of VA in the “paternalistic veterans' benefits system to care for those who served their country in uniform,'’ there is nothing preventing VA from taking this action on its own. Jaguay, 304 F.3d at 1280. Should this change take place, whether by policy or by statute, it would further assist claimants if any letter that denied reconsideration clearly explained how and why the case was treated as a motion to reconsider. Further, because in these types of cases, the claimants are often apparently confused by the standard notice of appellate rights initially provided by VA, any such letter (or reconsidered opinion) might more clearly state the means of obtaining judicial review.