KASOLD,
Chief Judge, dissenting:
Until recently,[7] Congress restricted the right of a veteran to retain paid counsel for representation before the Secretary or the Board until after the Board issued its “first ... final [Board] decision,” and then only if the veteran retained paid counsel within one year of that final decision. 38 U.S.C. § 5904(c)(1) (1998). This statutory constraint on a veteran’s right to retain paid counsel should not be read broadly. Cf. Brown v. Gardner, 513 U.S. 115, 117-18, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994) (noting that interpretative doubt is to be resolved in the veteran’s favor).
There is no dispute in this case that Mr. Trawiek’s claim was denied by a June 1997 Board decision and that he retained paid counsel in August 1998, more than one *96 year after that decision. There also is no dispute, however, that Mr. Trawick sought reconsideration of the June 1997 Board decision in August 1997, and that he retained paid counsel in August 1998, two months after he received notice in June 1998 that his request for reconsideration was denied.
Because, as discussed below, the request for reconsideration abated finality of the June 1997 Board decision until the request was denied in June 1998, Mr. Trawick had the right to retain attorney Mason for a fee in August 1998. Additionally, Mr. Mason — who eventually was discharged by Mr. Trawick — had the right to seek reimbursement for the work he performed on Mr. Trawick’s behalf prior to being discharged. Under such circumstances, the matter should be remanded for the Board to determine the fee that reflects Mr. Trawick’s contribution. See Scales v. Principi, 282 F.3d 1362, 1366 (Fed.Cir.2002) (“[A]n attorney ... discharged by the client before the case is completed [ ] is not automatically entitled to the full twenty percent fee. He may receive only a fee that fairly and accurately reflects his contribution to and responsibility for the benefits awarded.”); Lippman v. Shinseki, 23 Vet.App. 243, 256 (2009) (“Because [the veteran] objected ... to the payment of the supplemental attorney fee ..., VA was obligated to review the fee agreement and reduce the fee to be paid if it was excessive or unreasonable.”).
“The concept of ‘finality with respect to judicial decisions does not have a single meaning applicable in all contexts.” Stanley v. Principi, 283 F.3d 1350, 1355 (Fed.Cir.2002); see also Clay v. United States, 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003) (“Finality is variously defined ... its precise meaning depends on context.”). The same is true with respect to Board decisions. Stanley, 283 F.3d at 1355 (citing Howard v. Gober, 220 F.3d 1341, 1344 (Fed.Cir.2000) (addressing finality of a Board decision)). Thus, it is well settled, for example, that when a request for reconsideration is filed within the time permitted to file an appeal with the Court (120 days), finality is abated for purposes of filing an appeal, and a new 120-day period to appeal begins when the Board Chairman renders a decision on the reconsideration request. Rosler v. Derwinski, 1 Vet.App. 241, 249 (1991) (holding that a motion for reconsideration abates the finality of the Board decision and that the appeal period is tolled); see Fithian v. Shinseki, 24 Vet.App. 146, 149 (2010) (“a Board decision is no longer final once a motion for reconsideration is [timely] filed”); Rickett v. Shinseki, 23 Vet.App. 366, 371 (2010) (“[F]inality does not attach until the Board Chairman renders a decision denying the [timely] motion for reconsideration. ...”), rev’d on other grounds, 421 Fed.Appx. 967 (Fed.Cir.2011); see also ICC v. Bhd. of Locomotive Eng’rs, 482 U.S. 270, 284, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987) (“[Petitions for reconsideration ... [render] the orders under reconsideration nonfinal.”); Mondero v. Nicholson, 129 Fed.Appx. 605, 607 n. 1 (Fed.Cir.2005) (acknowledging the adoption of Rosier in Linville v. West, 165 F.3d 1382, 1385-86 (Fed.Cir.1999)).
The same rationale applies with regard to the retention of counsel, and application of section 5904(c)(1). When a veteran proceeds on his own and files for reconsideration within one year of an adverse Board decision, finality of that decision is abated for the purposes of section 5904(c)(1), and, if reconsideration is denied, the claimant has one year from the date of the denial of reconsideration to retain paid counsel for further proceedings before the Board and Secretary. To hold otherwise, essentially would be to mandate a claimant to retain paid counsel when seeking reconsideration *97 of the Board decision, or lose the right to so retain paid counsel if the Board Chairman takes more than one year to render a decision. Cf. Rosler, 1 Vet.App. at 246 (rejecting as an “onerous burden” the notion that a claimant filing a motion for reconsideration must also file an appeal to the Court to preserve his right to appeal). No policy supports forcing a veteran to seek counsel while still pursuing a claim within the informal adjudication process below, or the loss of his right to do so when efforts to seek recourse are rejected more than a year later.
As to the majority’s belief that the issue of finality should not be addressed, I obviously disagree. I understand that there are policy reasons for the Court not to address an argument not explicitly raised, particularly when an appellant is represented by counsel and, as here, is an attorney himself. However, this issue was not “invent[ed]” solely by myself. Ante at section IV.C. Rather, it reasonably was raised by the statute, caselaw, the record of proceedings (which reflects the Board’s recognition of Mr. Trawiek’s motion for reconsideration), and the well-established fact that finality depends on context. See Clay and Stanley, both supra; see also Forshey v. Principi, 284 F.3d 1335, 1357 n. 20 (Fed.Cir.2002) (an appellate court’s “ ‘duty is to enunciate the law on the record facts’ ” (quoting Empire Life Ins. Co. of Am. v. Valdak Corp., 468 F.2d 330, 334 (5th Cir.1972))), overruled on other grounds by Morgan v. Principi, 327 F.3d 1357 (Fed.Cir.2003).
In addition, the dramatically fluctuating litigative posture of this case supports a discussion of the statutory interpretation issue raised by this case. In short, the Secretary initially agreed with Mr. Mason that (1) the Board erred as to Mr. Mason’s eligibility, and (2) reasonableness was the only disputed issue. Amicus entered and likewise agreed. Only after Mr. Trawick intervened with a well-written brief did the Secretary change his position. Although the majority correctly note that 10 briefs were submitted in this case, they fail to recognize that the Secretary reversed his position in this litigation in the tenth and final brief. In this context, it is eminently understandable why Mr. Trawick did not explicitly present an alternative argument on section 5904(c)(1) in his briefs. Such circumstances only add to the propriety of addressing the statutory interpretation issue raised by this case. See Davis v. United States, 512 U.S. 452, 464, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994) (Scalia, J., concurring) (generally, “refusal to consider arguments not raised is a sound prudential practice,” but “there are times when prudence dictates the contrary”).
Moreover, the issue is dispositive. See U.S. Nat’l Bank of Or. v. Indep. Ins. Agents of Am., 508 U.S. 439, 447, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993) (“[A] court may consider an issue ‘antecedent to ... and ultimately dispositive of the dispute before it, even an issue the parties fail to identify and brief.” (quoting Arcadia v. Ohio Power Co., 498 U.S. 73, 77, 111 S.Ct. 415, 112 L.Ed.2d 374 (1990))). The majority’s application of section 5904(c)(1) — done without considering the effect of Mr. Trawick’s motion for reconsideration on the finality of the Board decision or the commencement of the one-year period to retain paid counsel — serves to bar Mr. Mason from receiving any compensation for the work he did at the Board for Mr. Trawick. As shown above, a proper application of caselaw and canons of interpretation render a conclusion that Mr. Trawick’s motion for reconsideration abated the finality of the June 1997 Board decision for the purposes of section 5904(c)(1) until the Chairman rendered a decision on that motion in June 1998, such that the retention agreement in this instance was entered *98 into within one year of the first final Board decision.
Further, the purpose of the one-year period to retain paid counsel was to obstruct the retention of attorneys for attempts to reopen claims after a number of years without any action. See 134 Cong. Rec. S16,632-01 (Oct. 18,1988) (Sen. Cranston, noting that the purpose of the one-year period was “to address the possibility of a claimant receiving a final B[oard] decision, waiting a number of years without any action, and then retaining an attorney to request a reopening and pursuit of the claim at the [RO] level”). That purpose is in no way fulfilled here, where Mr. Trawick never sat on his laurels with many years of inaction. Rather, he promptly sought reconsideration of his Board decision and promptly retained counsel after having his request for reconsideration denied. The majority’s application of section 5904(c)(1) in this instance contravenes the purpose behind the statute. As shown above, such an application is not mandated by the statute, our caselaw, or the canons of interpretation.
Finally, this is a significant issue, involving considerations of due process, a right to adequate legal representation, and a right to contract. See Walters v. Nat’l Ass’n of Radiation Survivors, 473 U.S. 305, 312-16,105 S.Ct. 3180, 87 L.Ed.2d 220 (1985); Stanley, 283 F.3d at 1355-57. Factors underlying the original enactment of attorney fee limitations, such as concerns about unscrupulous attorneys, and even factors underlying the Supreme Court’s decision in Walters to reverse a preliminary injunction on such limitations are now different or no longer present. Compare Walters, 473 U.S. at 321-22, 105 S.Ct. 3180, with Veterans Judicial Review Act, Pub.L. No. 100-687 (Nov. 18, 1988) (effective June 1, 1989). Although the one-year period in which a claimant may retain paid counsel for representation before the Secretary or the Board is restrictive of the right to retain paid counsel, the degree of restrictiveness is dependent on the meaning of when a Board decision becomes final for the purposes of section 5904(c)(1). Because the concept of finality is context dependent, Stanley, supra, and an overly restrictive application of section 5904(c)(1) is inconsistent with the purpose behind establishing the one-year period, we should address the meaning of finality as used in section 5904(c)(1) in the context of a motion for reconsideration, find that Mr. Trawick had a right to retain Mr. Mason for a fee in this case, and remand the matter for the Board to award a fee reflecting Mr. Mason’s contribution to Mr. Trawick’s case.

. In 2006, Congress altered section 5904(c)(1), such that veterans denied benefits in a rating decision may retain paid counsel for assistance the administrative and judicial appeal process "after the date on which the notice of disagreement is filed.” 38 U.S.C. § 5904(c)(1) (2006).