**Glen J. SHEPARD, Appellant,**

v.

**Hershel W. GOBER, Acting Secretary of Veterans Affairs, Appellee.**

**No. 96–1147.**

United States Court of Veterans Appeals.

Nov. 5, 1997.

Before NEBEKER, Chief Judge, and HOLDAWAY and STEINBERG, Judges.

### ORDER

PER CURIAM.

Glen J. Shepard has two appeals presently before the Court. The instant appeal (hereafter *Shepard I*) is from a Board of Veterans' Appeals (BVA or Board) decision dated October 25, 1990. The Notice of Appeal (NOA) as to that decision was filed on September 9, 1996, and a motion by the Secretary to dismiss this appeal as untimely filed is pending before the panel. Mr. Shepard's other appeal, *Shepard v. Gober,* U.S. Vet. App. No. 95–1123 (NOA filed Nov. 10, 1995) (hereafter *Shepard II*), is from a BVA decision issued on October 20, 1995. Counsel for the appellant (hereafter counsel) in *Shepard I* is also counsel in *Shepard II*.

Upon the appellant's motion, the proceedings have been stayed in *Shepard II*, awaiting resolution of the jurisdictional issue in *Shepard I*. The Court, however, takes judicial notice of the record on appeal (ROA) and pleadings filed in *Shepard II*.

As stated earlier, the Secretary has moved to dismiss this appeal. He avers that the October 25, 1990, BVA decision was mailed to the appellant in compliance with 38 U.S.C. § 7104(e), and the appellant has acknowledged receipt. The Secretary concedes, however, that "flat mail" was employed to send a copy of the BVA decision to the appellant's local American Legion representative, and that a copy was hand delivered to the Washington, D.C., appeals office of the American Legion. The Secretary does not dispute that this manner of transmittal would not have complied with section 7104(e) under the Court's holdings in *Trammell v. Brown*, 6 Vet.App. 181 (1994), and *Davis v. Brown*, 7 Vet.App. 298 (1994), and that the Board's failure to comply with the mailing requirement of section 7104(e) would have forestalled the running of the appellant's appeal period. The Secretary argues, however, that—even assuming that the Court's jurisdiction had attached to Mr. Shepard's appeal—subsequent legislation amending section 7104(e) (the Veterans' Benefits Improvements Act of 1996, Pub.L. No. 104–275, § 509, 110 Stat. 3322, 3344 (1996)) operated to divest the Court of jurisdiction.

In response to the Secretary's motion to dismiss *Shepard I*, the appellant argues that his appeal from the 1990 BVA decision was timely filed. He argues that the 120-day appeal period did not begin to run, as held in *Trammell* and *Davis, supra*, because a copy of the decision was sent by "flat mail" to his local American Legion representative, and that transmittal by "flat mail" did not comply with the requirements of section 7104(e). He further argues that the 1996 amendment of section 7104(e) to allow the BVA to employ means other than mailing to transmit a copy of a BVA decision to a claimant's representative did not become effective until after he had filed his NOA, and that the amendment should not have retrospective application so as to divest this Court of jurisdiction that had already attached.

Taking judicial notice of the pleadings and ROA filed in *Shepard II*, the Court observes that the October 1995 BVA decision addresses the two claims decided initially in the October 1990 BVA decision, that it makes specific reference to the 1990 BVA decision's denial of those claims, and that it denies an attempted reopening of those claims. The Court also notes that the designation of the record (DOR) in *Shepard II* lists the 1990 BVA decision, and that a copy of that decision was filed as part of the ROA in *Shepard II*.

The attorney fee agreement filed in, respectively, *Shepard I* and *Shepard II* contains the following as its initial provision:

Client hereby employs Attorney to provide legal representation in the following matter:

Legal services in connection with the Client's claim for benefits now pending before the Department of Veterans Affairs.

The fee agreement submitted in both *Shepard I* and *Shepard II* is signed by both the client and the attorney, and is dated October 31, 1995. An agreement containing this provision was filed in *Shepard I* on September 9, 1996, but in *Shepard II* on November 10, 1995.

In order to determine whether the appellant's NOA was timely filed, the Court must determine when his present representative had actual receipt of the October 1990 BVA decision, *see Ashley v. Derwinski*, 2 Vet.App. 307, 311 (1992) (actual receipt of BVA decision by claimant's designated representative cures defect in BVA's transmittal to representative and begins running of period for appeal to Court), and whether receipt by that representative cured the defect in the Board's mailing of the 1990 decision to his representative at that time, the American Legion, such that the 120-day NOA-filing period began to run upon that receipt.

On consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the Secretary file and serve on the appellant a preliminary ROA containing copies of all powers of attorney filed by the appellant with VA, and a

memorandum (1) on the question whether the effect of the above-quoted fee agreement language operated to make counsel the appellant's representative in lieu of the American Legion, and when VA first had notice of this agreement; (2) informing the Court whether a copy of the October 1990 decision was provided to counsel with the DOR in *Shepard II*, and, if so, how and when it was transmitted to counsel; and (3) on the question whether receipt by counsel of the October 1990 BVA decision as part of the ROA in *Shepard II* would have begun the running of the period in which to appeal the October 1990 decision under *Ashley, supra,* and whether, in that event, the appeal of that decision is timely. It is further

ORDERED that the appellant may file a response not later than 30 days after service of the Secretary's pleading.