NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
Is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-7177

FLORIDA A. MONDERO,

Claimant-Appellant,

v.

JIM NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  February 14, 2005

_____

Before RADER, SCHALL, and GAJARSA, Circuit Judges.

PER CURIAM.

The United States Court of Appeals for Veterans Claims dismissed Ms. Florida A. Mondero's appeal from a decision of the Deputy Vice Chairman of the Board of Veterans' Appeals (Board) denying reconsideration of a July 30, 1999 Board decision. Mondero v. Principi, No. 04-0087 (Vet. App. July 6, 2004).  The Board did not recognize Ms. Mondero as the surviving spouse of a veteran.  The Veterans Court dismissed her appeal for lack of jurisdiction because Ms. Mondero did not file her Notice of Appeal (NOA) in a timely manner.  Because Ms. Mondero raises no genuine legal or constitutional issue, this court lacks jurisdiction to review the Veterans Court's decision. Accordingly, this court dismisses Ms. Mondero's appeal.

## I.

VA Form 4597, in its paragraph (3), reads, in part, "A Notice of Appeal must be filed with the [Veterans Court] within 120 days from the date of mailing of the notice of the [Board's] decision." Ms. Mondero's motion for reconsideration was filed on February 9, 2000, more than 120 days after the filing date. The Board denied Ms. Mondero's motion for reconsideration because she did not prove that the Board decision contained obvious error. Ms. Mondero filed a second motion for reconsideration, which was denied on January 28, 2003. The Board denied Ms. Mondero's third motion for reconsideration on December 4, 2003.

Ms. Mondero filed a NOA with the Veterans Court on January 23, 2004 that was dismissed for lack of jurisdiction on July 6, 2004. The Veterans Court concluded that it may not "review denials of reconsideration by the Board Chairman in cases where it does not already have jurisdiction by virtue of a timely appeal from a final Board decision." Mondero, slip op. at 1-2. In addition, the Veterans Court declined to toll the 120-day filling period under Rosler v. Derwinski, 1 Vet. App. 241, 245 (1991).

On August 2, 2004, Ms. Mondero filed a motion for reconsideration of the July 6, 2004 decision. Ms. Mondero argued that her receipt of the July 1999 Board decision was delayed until December 23, 1999, due to a failure of her counsel. The Veterans Court denied this motion on August 9, 2004 and entered judgment on August 27, 2004.

## II.

This court's jurisdiction to review decisions of the Veterans Court is limited to "any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and

necessary to a decision." 38 U.S.C. § 7292(c) (1994). "Except to the extent that an appeal under this chapter presents a constitutional issue, the Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." Id. § 7292(d)(2).

In other words, this court may decide "all relevant questions of law, including interpreting constitutional and statutory provisions" and must set aside any regulation or interpretation thereof "other than a determination as to a factual matter" relied upon by the Veterans Court that it finds to be: "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292 (d)(1). In considering whether an appeal falls within its jurisdiction, this Court looks to the substance of the issue presented rather than a party's characterization of the question. Helfer v. West, 174 F.3d 1332, 1335 (Fed. Cir. 1999).

Ms. Mondero did not challenge the validity or interpretation of any statute or regulation. The Veterans Court decision that Ms. Mondero challenges did not elaborate on the meaning of any statute, regulation, or rule of law. The Veterans Court applied the established law concerning the procedures for the timely filing of appeals.

Under section 7266(a), a NOA must be filed with the Veterans Court within 120 days after notice of a Board decision is mailed. However, the Veterans Court has also held that the 120-day appeal period may be tolled and a NOA may be considered timely if the appellant: (1) files a motion for Board reconsideration within 120 days after the mailing date of the Board decision; and then (2) files a NOA within 120 days after the

Board Chairman denied the reconsideration motion. See Rosler, 1 Vet. App. at 245.[*] In Ms. Mondero's case, the Veterans Court found that the NOA and the motions for Board reconsideration were filed more than 120 days after the date of the July 1999 Board decision. Mondero, slip op. at 1-2. Accordingly, the Veterans Court determined that Ms. Mondero's NOA was not timely filed and that neither of the conditions for tolling set forth in Rosler had been met. Therefore, the Veterans Court dismissed for lack of jurisdiction. Id.

Although Ms. Mondero challenges the Board's conclusion that she was not the surviving spouse of the veteran, her arguments are beyond this Court's jurisdiction under 38 U.S.C. § 7292 because the Veterans Court decision was limited to matters of jurisdiction.

Even though Ms. Mondero asserts that the Veterans Court decided constitutional issues, she does not explain how her constitutional rights were implicated by the Veterans Court decision. See Helfer v. West, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (holding that this Court does not have jurisdiction over assertions that are constitutional "in name only").

Ms. Mondero's assertion that the delay in filing her motion for reconsideration was the fault of her attorney also raises no issues as to the validity or interpretation of any statute or regulation. Additionally, this court finds all other arguments raised by Ms. Mondero unpersuasive.

---

[*]     In Linville v. West, 165 F.3d 1382, 1385-86 (Fed. Cir. 1999), this court adopted the Rosler rule. See Graves v. Principi, 294 F.3d 1350, 1352 (Fed. Cir. 2002).

In conclusion, because Ms. Mondero does not challenge the validity or interpretation of any statute or regulation and raises no constitutional issues, this court dismisses for want of jurisdiction. <u>See</u> 38 U.S.C. § 7292 (c), (d)(2).