# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 08-2969

KENNETH B. MASON, APPELLANT,

V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

FREDERICK L. TRAWICK, INTERVENOR.

On Appeal from the Board of Veterans' Appeals

(Argued August 25, 2011                                   Decided October 28, 2011)

*Kenneth M. Carpenter*, of Topeka , Kansas, for the appellant.

*Anthony C. Scire, Jr*., and *Joan E. Moriarty*, Deputy Assistant General Counsel, with whom *Will A. Gunn*, General Counsel*,* and *R. Randall Campbell*, Assistant General Counsel, were on the brief, all of Washington, D.C., for the appellee.

*Michael J. Nardotti, Jr*., with whom *Elizabeth M. Gill* was on the brief, both of Washington, D.C., for Frederick L. Trawick as intervenor.

*Thomas J. Reed*, of Wilmington, Delaware, for the Veterans Law Clinic of Widener University School of Law as amicus curiae.[1]

Before KASOLD, *Chief Judge*, and HAGEL and SCHOELEN, *Judges*.

SCHOELEN, *Judge*, filed the opinion of the Court.  KASOLD, *Chief Judge*, filed a dissenting opinion.

SCHOELEN, *Judge*:  The appellant, attorney Kenneth B. Mason, appeals through counsel

---

[1]  The Court would like to extend its appreciation to Thomas J. Reed of the Veterans Law Clinic at Widener University of School of Law who submitted written argument, as amicus curiae, in support of Mr. Trawick, who was initially unrepresented when he first requested to intervene in this proceeding.

a May 22, 2008, Board of Veterans' Appeals (Board) decision that determined he was not eligible to receive payment of attorney fees from past-due benefits awarded to veteran Frederick L. Trawick. Record of Proceedings (R.) at 3-9. The veteran and intervenor, Mr. Trawick, filed a brief disputing Mr. Mason's entitlement to payment of attorney fees from the award of past-due benefits. The Board determined that "[t]he requirements for payment of attorney fees in the amount of 20[%] of past-due benefits payable to the veteran, in the calculated amount of $53,472.53, have not been met" because (1) Mr. Trawick did not retain Mr. Mason until August 3, 1998, more than one year after a June 6, 1997, Board decision; and (2) Mr. Mason did not file a copy of the fee agreement with the Board and did not notify the regional office (RO) within 30 days of its execution, as required by 38 C.F.R. § 20.609(g), (h)(4) (2007). This appeal is timely, and the Court has jurisdiction to review the Board's decision pursuant to 38 U.S.C. §§ 7252(a) and 7266(a). Because Mr. Mason has not demonstrated clear error in the Board's finding that he was not retained within one year of the June 6, 1997, Board decision, the Court will affirm the Board's 2008 determination that he is not eligible for payment of attorney fees for services provided in proceedings before VA because his fee agreement did not comply with the requirements of 38 U.S.C. § 5904(c)(1).

## I. BACKGROUND

On June 6, 1997, the Board issued a decision in which it found that the veteran, Mr. Trawick, did not present new and material evidence sufficient to reopen a claim for entitlement to VA compensation benefits for a psychiatric disorder. R. at 1148-56. Mr. Trawick filed a motion for reconsideration (R. at 1146), which was denied by the Board Chairman on June 19, 1998. R. at 1129-31. While his motion for reconsideration was pending, Mr. Trawick also initiated an appeal to this Court on September 8, 1997.

After the Board Chairman denied Mr. Trawick's motion for reconsideration, on August 3, 1998, Mr. Mason entered into *two* representation agreements with the veteran. The first fee agreement was a pro bono representation agreement, which applied *solely* to Mr. Trawick's appeal before the Court under docket number 97-1589.[2] The pro bono representation agreement states:

---

[2] The Court notes that the pro bono representation agreement is not included in the record of proceedings. However, because the agreement was filed with the Court on August 4, 1998, under

2

I hereby retain you to represent me before the [Court]. . . . This agreement applies only to my appeal before [the Court] and does not apply to any representation before the U.S. Court of Appeals for the Federal Circuit [(Federal Circuit)] in the event of any appeal or before the U.S. Department of Veterans Affairs in the event of a remand. Such representation will be covered by other agreements, if any.

The agreement also provided that Mr. Mason would not charge Mr. Trawick "a fee or litigation expenses for representation under this agreement" and Mr. Trawick agreed that Mr. Mason may request an award of attorney fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Finally, the agreement stated that Mr. Mason would have "no obligation" to Mr. Trawick "unless and until" Mr. Mason signed and returned a copy of the agreement to Mr. Trawick.

The second fee agreement, also executed on August 3, 1998, and at issue here, was a contingent fee agreement for representation *solely* before the Board and the RO. R. at 1111-14. The agreement states: "I hereby retain you to represent me before the Board . . . and the [RO] . . . to prosecute my claim for disability compensation benefits. . . . This agreement does not cover representation before [the Court] or the [Federal Circuit,] which will be covered by other agreements." R. at 1113. In this agreement, Mr. Trawick, the veteran, agreed to pay 20% of the gross amount of any past-due benefits award to attorney Mason as a "contingency fee" and further agreed that VA may withhold such amount and make payment directly to the attorney. *Id.* The agreement also permitted the veteran to discharge the attorney "at any time" upon written notice with the following proviso: "If I discharge you after you have fully or substantially performed or contributed substantially to the results finally obtained by me, I shall be liable for payment of the fee set forth above." R. at 1113-14. Finally, the agreement contained a paragraph entitled "COMMENCEMENT OF REPRESENTATION," which stated: "Your [Mr. Mason's] responsibility under this agreement will not commence unless or until (1) you receive a copy hereof signed by me [Mr. Trawick] and (2) you date, sign[,] and return the agreement to me." R. at 1114 (capitalization in original).

Pursuant to the Secretary's unopposed motion to vacate the Board's June 6, 1997 decision,

docket number 97-1589, the Court will take judicial notice of its content. *See Cotant v. Principi*, 17 Vet.App. 116, 124 (2003) (taking judicial notice of pleadings filed in case pending before Court that raised same question of statutory interpretation); *Shepard v. Gober*, 10 Vet.App. 486, 487 (1997) (taking judicial notice of record on appeal and pleadings filed in concurrent cases).

on October 8, 1998, the Court vacated the Board's decision and remanded the matter for further development. R. at 1124-28. Mr. Mason filed a copy of the August 3, 1998, contingency fee agreement with the Board and the RO on December 18, 1998. R. at 1111-14. In his correspondence, Mr. Mason noted that the agreement was dated August 3, 1998, but that "[r]epresentation began in April[] 1998, when [Mr. Trawick] contacted [him]." R. at 1111. On January 4, 1999, the Board wrote to Mr. Mason to inform him that it received a copy of the fee agreement and that there appeared to be a "potential problem" in that the fee agreement was executed more than one year after the June 1997 Board decision. R. at 145-47 (citing 38 U.S.C. § 5904(c)(1)). The Board acknowledged that Mr. Mason's December 1998 correspondence indicated that representation began in April 1998 and requested "evidence" to show that Mr. Mason was retained within one year of the June 1997 Board decision. *Id.* The December 1998 correspondence contains a handwritten note in the margin, which states: "[R]ep[resentation] began on 4/23/98[,] altho[ugh] not reduced to writing." *Id.*[3]

Following the Court's October 1998 remand, Mr. Mason is named as the representative of the veteran on three occasions. *See* R. at 1064-74 (Apr. 28, 2000, Board decision reopening claim for entitlement to benefits for a psychiatric disorder); 1085-88 (Dec. 1, 1999, Board remand); and 1104-07 (Apr. 15, 1999, Board remand). In the April 28, 2000, Board decision, the Board found that new and material evidence had been submitted to reopen Mr. Trawick's claim for entitlement to benefits for a mental disorder and further found the claim to be well grounded. R. at 1066.

On May 19, 2000, Mr. Trawick sent Mr. Mason a letter informing him that he no longer needed his services. R. at 206. On the same date, Mr. Trawick also appointed Disabled American

---

[3] The record contains an *unsigned* affidavit, which appears to have been drafted for Mr. Trawick's signature, but there is no indication in the record that he ever executed the affidavit. R. at 213. The affidavit states that it is being made "in answer to the letter of the Board . . . dated January 4, 1999, . . . to demonstrate that I retained my attorney, Kenneth B. Mason, within one year of the final Board decision herein dated June 6, 1997[,] as required by 38 U.S.C. § 5904(c)(1) and 38 C.F.R. § 20.609(c)(3)." *Id.* The document states that Mr. Trawick first spoke with Mr. Mason, on or about October or November 1997, and that in April 1998 he called Mr. Mason to represent him. *Id.* Finally, the document states: "We discussed the terms of representation, and they were finally put in writing in July 1998 and executed in August 1998. I believe this shows that I retained Mr. Mason within [one] year of the final Board decision dated June 6, 1997." *Id.*

Veterans (DAV) as his representative (R. at 1015); in January 2003, he appointed the American Legion (R. at 452); and in August 2004, he re-appointed DAV (R. at 459). On March 10, 2005, while Mr. Trawick was represented by DAV, the RO notified him of its decision, which granted entitlement to benefits for schizo-affective disorder, bipolar type, and assigned a 100% disability rating, effective August 12, 1992, the date of Mr. Trawick's claim to reopen. R. at 502-19. The RO subsequently informed Mr. Mason and Mr. Trawick that it had determined that Mr. Mason was entitled to payment of attorney fees in the amount of $53,472.53 because the requirements of 38 U.S.C. § 5904 and 38 C.F.R. § 20.609 had been met. R. at 495-96.

In April 2005, Mr. Trawick filed a Notice of Disagreement asserting, in relevant part, that "Mr. Mason has not represented me since 1999. . . . I have had DAV represent me since 1999 when Mr. Mason told me he could not represent me anymore." R. at 482. The RO issued a Statement of the Case in October 2005 stating that "[c]urrent representation by the private attorney is not a statutory or regulatory prerequisite to VA's payment of attorney fees from past-due benefits." R. at 220-38, 237. The RO also stated that direct payment could be made provided that "all other statutory and regulatory requirements for payment of fees, as well as the terms of the agreement, have been met." R. at 237. In his Substantive Appeal, Mr. Trawick argued that "Mr. Mason did very little work on my case[.] [T]he technical work and the argument that won my claim was performed by the DAV. I request that the money withheld be released as soon as possible." R. at 205.

In the May 22, 2008, decision here on appeal, the Board determined that "[t]he requirements for payment of attorney fees in the amount of 20[%] of past-due benefits payable to the veteran, in the calculated amount of $53,472.53, have not been met." R. at 5 (citing 38 U.S.C. § 5904 (2002) and 38 C.F.R. § 20.609 (2007)). The Board based its conclusion on two findings: (1) Mr. Trawick did not retain Mr. Mason until August 3, 1998, which was more than one year after the Board's June 6, 1997, decision; and (2) Mr. Mason did not file a copy of the fee agreement with the Board and did not notify the RO within 30 days of its execution, as required by 38 C.F.R. § 20.609(g), (h)(4).

## II. THE PARTIES' CONTENTIONS

The Court notes that the parties have provided extensive briefs regarding (1) Mr. Mason's eligibility to receive attorney fees pursuant to the August 3, 1998, contingency fee agreement and (2) the appropriate remedy assuming that the Court determined Mr. Mason was eligible to receive a fee. Because the Court has determined herein that Mr. Mason's eligibility to receive a fee rests on whether he satisfied the statutory requirements provided in 38 U.S.C. § 5904(c)(1), which we hold he did not, the Court will limit its remaining discussion of the parties' arguments to this issue. Both the Secretary and Mr. Trawick argue that Mr. Mason is not entitled to receive payment of attorney fees pursuant to the August 3, 1998, contingency fee agreement for services provided before the Board and the RO because Mr. Trawick retained Mr. Mason more than one year after the Board first made a decision in the case, *i.e.*, June 6, 1997. Secretary's Supplemental Brief (Br.) at 8-12;[4] Intervenor's Br. at 6-12. They argue that the contingency fee agreement between Mr. Mason and Mr. Trawick is subject to the one-year requirement set forth in 38 U.S.C. § 5904(c)(1) because the statute only exempts "services provided with respect to proceedings before a court" and the contingency fee agreement at issue here, executed more than one year after the June 6, 1997, decision, was limited to services provided before the Board and the RO. *Id*.

Mr. Mason makes three arguments in response. First, he argues that the Board's order that denied entitlement to fees was not premised on Mr. Mason's not having met the statutory requirements to charge a fee. Appellant's Reply Br. to the Intervenor at 2. Second, he argues that he met the statutory requirements because he was "retained" within one year of the Board's June 6, 1997, decision. *Id.* at 3. Mr. Mason asserts that although the contingency fee agreement was not executed until August 3, 1998, he "commenced his representation of Mr. Trawick in April 1998." *Id.* Third, he argues that his "representation of Mr. Trawick and his entitlement to charge a fee was premised upon his representation of Mr. Trawick before this Court [in docket number] 97-1589." *Id.*

---

[4] The Court notes that the Secretary's initial brief in this matter posited that Mr. Mason's retention as counsel more than one year after the Board's June 6, 1997, decision did not preclude him from receiving direct payment of attorney fees under 38 U.S.C. § 5904(d). Secretary's Br. at 6-8. The Secretary modified his position and argued for affirmance of the Board's decision in his supplemental brief.

## III. LAW

### A. Statutory and Regulatory Provisions

The statutory provision that governs an attorney's entitlement to charge and receive a fee for services provided in connection with a proceeding before VA is 38 U.S.C. § 5904(c)(1). In 1998, when Mr. Mason and Mr. Trawick executed the fee agreement at issue, section 5904(c)(1) provided:

> (c) (1) Except as provided in paragraph (3), in connection with a proceeding before the Department with respect to benefits under laws administered by the Secretary, a fee may not be charged, allowed, or paid for services of agents and attorneys with respect to services provided before the date on which the Board of Veterans' Appeals first makes a final decision in the case. Such a fee may be charged, allowed, or paid in the case of services provided after such date only if an agent or attorney is retained with respect to such case before the end of the one-year period beginning on that date. The limitation in the preceding sentence does not apply to services provided with respect to proceedings before a court.

38 U.S.C. § 5904(c)(1).[5]

Section 5904(d) provided that when a claimant and an attorney enter into a fee agreement, under which the total amount of the fee payable to the attorney "is to be paid to the attorney by the Secretary directly from any past-due benefits awarded on the basis of the claim" and "is contingent on whether or not the matter is resolved in a manner favorable to the claimant,""the total fee payable to the attorney may not exceed 20 percent of the total amount of any past-due benefits awarded on the basis of the claim." 38 U.S.C. § 5904(d)(1),(2)(A). A claim is considered "to have been resolved in a manner favorable to the claimant if all or any part of the relief sought is granted." 38 U.S.C. § 5904(d)(2)(B).

---

[5] The Court notes that Congress amended section 5904(c)(1) in 2006 to permit an agent or attorney to charge a fee for services in connection with a proceeding before VA after the date on which a Notice of Disagreement is filed with respect to the case. *See* 38 U.S.C. § 5904(c)(1) (2006). However, Congress explicitly provided for prospective application of the amended statute, stating that it "shall take effect on the date that is 180 days [June 20, 2007] after the date of enactment of this Act [Dec. 22, 2006] and shall apply with respect to services of agents or attorneys that are provided with respect to cases in which [N]otices of [D]isagreement are filed on or after that date." Veterans Benefits, Health Care, and Information Technology Act of 2006, Pub. L. No. 109-461, tit. I, § 101(h), 120 Stat. 3403, 3408.

The Secretary's implementing regulation, which prescribes when an attorney may charge a fee for services in a proceeding before VA, 38 C.F.R. § 20.609 (1998), entitled "Payment of representative's fees in proceedings before the Department of Veterans Affairs field personnel and before the Board of Veterans' Appeals," provided in relevant part:

(c) *Circumstances under which fees may be charged.* Except as noted in paragraph (d) of this section, attorneys-at-law and agents may charge claimants or appellants for their services only if all of the following conditions are met:
(1) A final decision has been promulgated by the Board . . . with respect to the issue, or issues, involved;
(2) The Notice of Disagreement which preceded the Board . . . decision with respect to the issue, or issues, involved was received by the agency of original jurisdiction on or after November 18, 1988; and
(3) The attorney-at-law or agent was retained not later than one year following the date that the decision by the Board . . . with respect to the issue, or issues, involved was promulgated. (This condition will be considered to have been met with respect to all successor attorneys-at-law or agents acting in the continuous prosecution of the same matter if a predecessor was retained within the required time.)

38 C.F.R. § 20.609 (c)(1),(2),(3).

## B. *In re Fee Agreement of Mason*[6]

In *In re Fee Agreement of Mason*, 13 Vet.App. 79, 81-85 (1999), the Court addressed whether an attorney was eligible to receive a fee for services provided in a proceeding before VA subsequent to a successful appeal to this Court, where the claimant and the attorney entered into the fee agreement for legal services before the Court, the Board, and VA, more than one year after the Board first made a final decision in the case. The Court held that because the attorney was not retained within one year after the Board issued its first decision in the case, the attorney was ineligible to charge a fee for services provided in a proceeding before the Board or VA. *Id.* at 84. The appellant-attorney argued that the requirement in section 5904(c)(1) that the attorney be retained within one year after the first Board decision was not applicable in this circumstance because his services provided before the Agency on remand were a continuation of proceedings before the Court. *See* 38 U.S.C. § 5904(c)(1) (stating that "[t]he limitation in the preceding sentence does not apply

_____

[6] Although the appellant-attorney in the instant proceeding is the same attorney whose fee agreement was discussed in *In re Fee Agreement of Mason*, the matter currently before the Court is otherwise unrelated to those proceedings.

to services provided with respect to proceedings before a court"). The Court rejected this argument stating, "in general, after a remand is issued by this Court, proceedings at the VA level are not a continuation of proceedings before this Court so as to be exempt from the section 5904(c)(1) limitations on charging attorneys fees." *In re Fee Agreement of Mason*, 13 Vet.App. at 85.

The Court stated, however, that "an attorney is always entitled to charge a fee for *representation on matters before this Court*, and may be entitled to direct payment from the Secretary from past-due benefits awarded *as a result of such representation*." *Id.* (emphasis added). The Court held,

> [t]herefore, where an attorney successfully represents a VA claimant before this Court and has filed a qualifying attorney-client fee agreement which directs payment by the Secretary from an award of past-due benefits awarded on the basis of the claim filed with VA, the Secretary is obligated to pay directly to the attorney 20% of the past-due benefits awarded on the basis of the claim or application for benefits *underlying the issues successfully appealed to this Court*. That payment could be entirely dependent on the attorney's services before this Court, depending on the fee agreement, and, under the express terms of section 5904(c)(1), would not be subject to the limitations in section 5904(c)(1).

*Id.* at 86 (emphasis in original).

The Court recognized, however, that there is no statutory provision that prevents an attorney from providing the claimant legal services on remand. Rather, the restriction provided in section 5904(c)(1) solely limits an attorney's ability to charge a fee for services provided before VA when he is retained more than one year after the Board first makes a final decision in the case. The Court in *In re Fee Agreement of Mason* explained that, on remand, "providing further services before the Board and VA would, of course be in the best interest of the attorney to assist the claimant in securing any award of past-due benefits" but that "continued representation" does not generate an additional fee. *Id.*

## IV. ANALYSIS

### A. Mr. Mason's Eligibility To Charge a Fee

There is no dispute among the parties that the Board rendered its first final decision in the case on June 6, 1997. Thus, pursuant to 38 U.S.C. § 5904(c)(1), to be eligible to charge and receive a fee for services provided in a proceeding before VA, Mr. Mason must demonstrate that he was

retained not later than one year after the June 6, 1997, decision. 38 U.S.C. § 5904(c)(1) (1998); 38 C.F.R. § 20.609(c)(3) (1998).

To the extent that Mr. Mason argues that the Board's decision to deny eligibility for payment of attorney fees from the past-due benefits award was not premised on the failure to meet the statutory requirements, he is mistaken. The Board clearly and succinctly stated that the "fee agreement was not compliant with legal requirements" because "[t]he veteran's former attorney was not retained by the veteran until August 3, 1998, more than one year after the Board decision was issued." R. at 8. The Board supported its conclusion by stating that "[t]his is evidenced by the attorney fee agreement dated on August 3, 1998, and . . . the retaining of an attorney is shown by a qualifying fee agreement within the required time period." *Id.* at 8-9. Hence, the Court will proceed to address the parties' remaining arguments to determine whether Mr. Mason has demonstrated error in the Board's conclusion that he is not entitled to attorney fees based on the award of past-due benefits. *See Hilkert v. West*, 12 Vet.App. 145, 151 (1999) (en banc) (holding that the appellant bears the burden of demonstrating error on appeal).

As noted above, the first fee agreement executed on August 3, 1998, applied *solely* to Mr. Mason's representation of Mr. Trawick at the Court. Mr. Mason does not contend that he is entitled to payment of a fee pursuant to this agreement, nor should he. Mr. Mason expressly agreed not to charge a fee for his representation of Mr. Trawick under that agreement. Hence, although section 5904(c)(1) does not limit the period in which an attorney must be retained to be eligible to charge a fee for services provided in proceedings before a court, Mr. Mason agreed not to charge Mr. Trawick a fee for representation provided at the Court under docket number 97-1589. Thus, to the extent that Mr. Trawick's award of past-due benefits resulted from Mr. Mason's representation in matters before the Court, the explicit terms of the "pro bono" fee agreement filed in connection with docket number 97-1589 do not contemplate payment of a fee from Mr. Trawick.

Mr. Mason argues that he is entitled to receive a fee pursuant to the contingency fee agreement, also executed on August 3, 1998, asserting that he satisfied the requirements of section 5904(c)(1). In this regard, he makes two alternative arguments, which the Court will address in turn. Mr. Mason argues that "[a]lthough the fee agreement was not executed until August 1998, [he] commenced his representation of Mr. Trawick in April 1998." Appellant's Reply Br. to the

10

Intervenor at 3 (citing R. at 1111-12). At oral argument, Mr. Mason argued that there is a distinction between being "retained" within the one-year period referenced in section 5904(c)(1) and having an "executed fee agreement" within one year after the Board first makes a decision in the case. He argued that the Board's finding that he was not "retained" until August 3, 1998, was clearly erroneous because it was based on an incorrect interpretation of section 5904(c)(1). The Court disagrees.

Even assuming that Mr. Mason is correct, *i.e.*, that there is a distinction between being "retained" within the one-year period referenced in section 5904(c)(1) and having an "executed fee agreement" within the one-year period, the Court is not "left with the definite and firm conviction" that the Board's determination that Mr. Mason was not retained until August 3, 1998, was clearly erroneous. *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948); *see also Gilbert v. Derwinski*, 1 Vet.App. 49, 52 (1990). The only evidence before the Board supporting Mr. Mason's contention that he was retained within one year after the Board's June 6, 1997, decision was Mr. Mason's December 18, 1998, correspondence to the Board in which he stated that his "[r]epresentation of Mr. Trawick began in April, 1998, when Mr. Trawick] contacted him" but that the agreement was not reduced to writing until after the Board Chairman denied Mr. Trawick's motion for reconsideration. R. at 1111. However, the August 3, 1998, contingency fee agreement at issue here, included the following specific terms, which speak to *when* Mr. Trawick retained Mr. Mason to represent him: "*I hereby retain you* to represent me before the Board . . . and the [RO] . . . to prosecute my claim for disability compensation benefits. . . . This agreement does not cover representation before [the Court] or the [Federal Circuit] which will be covered by other agreements." R. at 1113 (emphasis added); *see* WEBSTER'S NEW WORLD DICTIONARY 631 (3d college ed. 1988) (defining "hereby" as "by or through this; by this means"); BLACK'S LAW DICTIONARY 1317 (7th ed. 1999) (defining "retainer" as "[a] client's authorization for a lawyer to act in a case"). Moreover, under the "COMMENCEMENT OF REPRESENTATION" section, Mr. Mason and the veteran agreed that Mr. Mason's responsibility under the agreement would not commence until each party signed the agreement and received a signed copy from the other party to the agreement. R. at 1114 (capitalization in original). The agreement bears Mr. Mason's signature and indicates that it was "[a]ccepted and agreed to" on August 3, 1998. *Id*.

As always, it is the Board's responsibility, in its role as factfinder, to assess the credibility of,

11

and weight to be given to the evidence of record, and the Court may overturn the Board's decision only if it is clearly erroneous. *Washington v. Nicholson*, 19 Vet.App. 362, 367-68 (2005); *Owens v. Brown*, 7 Vet.App. 429, 433 (1995). In this case, Mr. Mason has not presented the Court with any basis upon which to find the Board's determination in this matter clearly erroneous. Mr. Mason's assertion that his representation of Mr. Trawick began in April 1998 appears to stand in direct conflict with the express terms of the fee agreement, which indicated that (1) Mr. Trawick, by and through the means of the August 3, 1998, representation agreement, retained Mr. Mason to represent him before the Board and the RO, and (2) Mr. Mason's responsibility under the agreement did not commence until at least August 3, 1998, the date Mr. Mason executed the fee agreement noting his "accept[ance] and agree[ment]." R. at 1113-14. Accordingly, because Mr. Mason has not demonstrated clear error in the Board's determination that he was not retained until August 3, 1998, which is more than one year after June 6, 1997, the undisputed date on which the Board first made a final decision in the case, his argument must fail.

Mr. Mason's alternative argument in support of his contention that he satisfied the requirements of section 5904(c)(1) is that his representation of Mr. Trawick and his entitlement to charge a fee was premised upon his representation of Mr. Trawick at the Court. Appellant's Reply Br. to the Intervenor at 3. In this regard, Mr. Mason appears to rely on the exception noted in section 5904(c)(1), which states that "[t]he limitation in the preceding sentence does not apply to services provided with respect to proceedings before a court." 38 U.S.C. § 5904(c)(1). However, this argument is not availing because the Court rejected a similar argument made by Mr. Mason in *In re Fee Agreement of Mason*, 13 Vet.App. at 84-85, when it held, "in general, after a remand is issued by this Court, proceedings at the VA level are not a continuation of proceedings before this Court so as to be exempt from the section 5904(c)(1) limitations on charging attorneys fees." 13 Vet.App. at 85. Thus, in *In re Fee Agreement of Mason*, the Court held that "[b]ecause Mr. Mason was not retained within one year after [the Board first made a decision in the case], he [was] not eligible to charge a fee for services provided in a proceeding before the Board or VA, regarding the issues involved in the [Board decision]" even though he represented the veteran in the proceedings before the Court. 13 Vet.App. at 84-85.

Mr. Mason's reliance on the Secretary's implementing regulation, 38 C.F.R. § 20.609(c)(3)

(1998), is similarly misplaced. Section 20.609(c)(3) essentially reiterated the statutory requirement that an attorney or agent be retained within one year after the Board first made a decision in the case. In addition, the regulation contained a parenthetical, which stated: "This condition will be considered to have been met with respect to all successor attorneys-at-law or agents acting in the continuous prosecution of the same matter *if a predecessor was retained within the required time*." 38 C.F.R. § 20.609(c)(3) (emphasis added). Mr. Mason relies on the emphasized language to argue that because Mr. Trawick properly retained Mr. Mason for representation before the Court, that action permitted them to enter into a valid fee agreement for continuous prosecution of the same matter before the Board and the RO. However, Mr. Mason fails to explain how this regulation is applicable in this case, where the language of the regulation addresses continuous prosecution by "successor" attorneys or agents.

Although Mr. Mason and Mr. Trawick executed *two* fee agreements, the Court finds the facts in this case sufficiently analogous to the facts in *In re Fee Agreement of Mason*, 13 Vet.App. 79, to be informed whether Mr. Mason is entitled to receive a fee for his continual representation of Mr. Trawick on remand, when he was not retained by Mr. Trawick within one year after the Board first made a decision in the case. What is clear from the Court's decision in *In re Fee Agreement of Mason* is that continuing representation on remand from this Court does not necessarily entitle an attorney to charge a fee for those services provided in the proceeding before the Agency. Rather, entitlement to a fee for services before the Agency is dependent on the terms of the fee agreement and whether the attorney was retained within the one-year period referenced in section 5904(c)(1). *Id*. at 84 (holding that the attorney was not eligible to receive a fee for services provided before the Agency after a successful appeal to the Court pursuant to a contingency fee agreement, which provided for representation before the Court, the Board, and the RO, because he was not retained within the one-year period referenced in section 5904(c)(1)).

Mr. Mason's arguments ignore the clear distinction drawn in *In re Fee Agreement of Mason* regarding an attorney's eligibility to charge a fee for services when he is retained more than one year after the Board first makes a decision in the case. 13 Vet.App. at 83-86. Pursuant to section 5904(c)(1), an attorney may *not* charge for services provided before the Board or the RO when he is retained more than one year after the Board first makes a final decision in the case. *Id.* at 83.

13

However, regardless of when the attorney is retained, an attorney *may* generally charge a fee for services provided at the Court and may receive direct payment from the Secretary pursuant to a qualifying contingency fee agreement on issues successfully appealed to the Court. *Id*. at 85-86.

This case creates an even clearer application of *In re Fee Agreement of Mason* because, here, (1) Mr. Mason agreed not to charge Mr. Trawick a fee for services provided at the Court, *see* Fee Agreement filed August 4, 1998, in connection with docket number 97-1589; and (2) as found by the Board, Mr. Mason was not retained within one year of the June 6, 1997, Board decision. Thus, to the extent Mr. Trawick's past-due benefits award is related to issues successfully appealed to the Court, Mr. Mason agreed not to charge a fee for those services. And, to the extent Mr. Trawick's past-due benefits award is related to services provided in a proceeding before the Board and the RO pursuant to the separate contingency fee agreement, Mr. Mason's eligibility to receive a fee for those services is subject to the limitation in section 5904(c)(1) that he be retained within one year after the Board first makes a final decision in the case. Because Mr. Mason has not demonstrated clear error in the Board's determination that he was not retained until August 3, 1998, more than one year after the June 6, 1997, Board decision, he is not eligible to charge a fee for services provided before the Board and the RO pursuant to the August 3, 1998, contingency fee agreement. *See* 38 U.S.C. § 5904(c)(1); *In re Fee Agreement of Mason*, *supra*.

### B. Mr. Mason's Additional Arguments

The Court notes that Mr. Mason argued in his opening brief that (1) the Board erred when it determined that he was not entitled to charge and receive a fee because he failed to file a copy of the fee agreement with the Board in compliance with 38 C.F.R. § 20.609(g) and failed to notify the RO of the fee agreement in compliance with § 20.609(h)(4); (2) the Board improperly relied on these regulations without affording him notice of its intent to consider provisions of law not relied upon by the RO in violation of 38 C.F.R. § 20.903(b); and (3) the Court should admonish the Board for failing to provide him and his representative with a copy of the May 22, 2008, decision here on appeal. The Court will not address the merits of Mr. Mason's additional arguments, however, because Mr. Mason's failure to be retained within one year of the June 6, 1997, Board decision is dispositive of the issue before the Court, and therefore, he cannot meet his burden of demonstrating prejudicial error with regard to these arguments. *See Shinseki v. Sanders*, 129 S. Ct. 1696, 1704

14

(2009) (noting that the statute requiring this Court to "take due account of prejudicial error []
requires the Veterans Court to apply the same kind of 'harmless error' rule that courts ordinarily apply
in civil cases").

## C. Issues Not Raised by the Parties

The Court notes that Mr. Trawick filed with the Board a motion for reconsideration of the
June 6, 1997, decision and that the Court's caselaw provides that the filing of the motion of
reconsideration within the 120-day judicial appeal period abates the finality of the Board decision
for purposes of filing a timely Notice of Appeal at the Court. *See Rosler v. Derwinski*, 1 Vet.App.
241, 249 (1991); *see also May v. Nicholson*, 19 Vet.App. 310 (2005). However, because the parties
do not argue that Mr. Trawick's motion for reconsideration in any way abated the finality of the June
6, 1997, Board decision for purposes of being "the date on which the Board . . . first makes a final
decision in the case," 38 U.S.C. § 5904(c)(1), the Court will take no position on the effect, if any,
of Mr. Trawick's motion for reconsideration.

While our dissenting colleague would like to reach this issue, and in fact opines that Mr.
Trawick's motion for reconsideration abated the finality of the Board's June 6, 1997, decision, the
Court is hesitant to address this issue and refuses to do so, especially given the vast amount of
briefing that has been submitted in this matter, which has nonetheless resulted in the absence of any
argument, particularly from Mr. Mason, that the June 6, 1997, Board decision was not the *first* final
Board decision in the case. Specifically, neither Mr. Mason, an attorney with more than $53,000 at
stake in this litigation, nor his counsel, another experienced attorney, raised this issue to the Court,
and none of the 10 pleadings, which were drafted by at least 5 attorneys and totaled 214 pages,
contain any such abatement argument. Rather, this novel and interesting argument arose only in the
inquisitive mind of our distinguished dissenting colleague, who, perhaps unfortunately for Mr.
Mason, was not his representative.

It is undisputed that "U.S. courts of appeals have the *discretion* to raise legal issues not raised
by a party." *Patton v. West*, 12 Vet.App. 272, 283 (1999) (emphasis added); *see also Kamen v.
Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991) ("When an issue or claim is properly before the
court, the court is not limited to the particular legal theories advanced by the parties, but rather
*retains the independent power* to identify and apply the proper construction of governing law.")

15

(emphasis added). However, we disagree with our dissenting colleague that this case represents one of those rare instances when the Court should exercise that discretion. *See Davis v. U.S.*, 512 U.S. 452, 464 (1994) (Scalia, J., concurring) (recognizing that, generally, "refusal to consider arguments not raised is a sound prudential practice," but that "there are times when prudence dictates the contrary"). Unlike in the Supreme Court cases cited by our dissenting colleague, we do not believe that the effect of Mr. Trawick's motion for reconsideration at the Board is an issue "antecedent to . . . and ultimately dispositive of'" the dispute before the Court that must be decided to avoid committing a legal error. *See post* at 19-20 (quoting *Arcadia v. Ohio Power Co.*, 498 U.S. 73, 77 (1990) and citing *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 447 (1993) and *Kamen*, 500 U.S. at 99).

Rather, we view this argument as indistinguishable from any other argument – novel or otherwise – that the Court would ordinarily deem abandoned by a party for a failure to raise it on appeal. *See Grivois v. Brown*, 6 Vet.App. 136, 138 (1994) (holding that issues or claims not argued on appeal are considered abandoned). Considering arguments not raised by the parties essentially wrests control of the litigation away from the parties, who, for any number of reasons, may have chosen not to advance such arguments to the Court. In short, the Court will not invent an argument for a represented party who had ample opportunity and resources to make that same argument, but, for whatever reason–be it strategy, oversight, or something in between–did not do so. *Cf. Forshey v. Principi*, 284 F.3d 1335, 1357-58 (Fed. Cir. 2002) (noting that a "variety of considerations may counsel against consideration of an issue not decided or raised below" including whether the case was litigated pro se); *Ned Chartering & Trading, Inc. v. Republic of Pak.*, 294 F.3d 148, 155 (D.C. Cir. 2002) ("[W]hile a Court *may* draw upon its own knowledge of applicable precedents in ruling on a motion, it is not *required* to unearth theories and precedents not cited by a party . . . . Bringing those precedents and theories to the attention of the district judge is the job of the party's attorneys.").

It is important to remember that our disagreement with our dissenting colleague amounts to nothing more than a dispute over whether the Court *should exercise its discretion* to address an issue not raised by the parties, not whether the Court has the authority to do so. As stated above, the Court does not believe that resolution of the issue identified by our dissenting colleague is necessary to the disposition of the case, *see* 38 U.S.C. § 7261(a) (limiting the Court's scope of review to decided

relevant questions of law "to the extent *necessary* to its decision and *when presented*" (emphasis added)), and our dissenting colleague has not convinced us otherwise. Therefore, the Court will decline to address that issue.

## V. CONCLUSION

After consideration of the pleadings of the appellant, the Secretary, the intervenor, and amicus curiae, and a review of the record, the Board's May 22, 2008, decision is AFFIRMED.


KASOLD, *Chief Judge,* dissenting: Until recently,[7] Congress restricted the right of a veteran to retain paid counsel for representation before the Secretary or the Board until after the Board issued its "first . . . final [Board] decision," and then only if the veteran retained paid counsel within one year of that final decision. 38 U.S.C. § 5904(c)(1) (1998). This statutory constraint on a veteran's right to retain paid counsel should not be read broadly. *Cf. Brown v. Gardner*, 513 U.S. 115, 117-18 (1994) (noting that interpretative doubt is to be resolved in the veteran's favor).

There is no dispute in this case that Mr. Trawick's claim was denied by a June 1997 Board decision and that he retained paid counsel in August 1998, more than one year after that decision. There also is no dispute, however, that Mr. Trawick sought reconsideration of the June 1997 Board decision in August 1997, and that he retained paid counsel in August 1998, two months after he received notice in June 1998 that his request for reconsideration was denied.

Because, as discussed below, the request for reconsideration abated finality of the June 1997 Board decision until the request was denied in June 1998, Mr. Trawick had the right to retain attorney Mason for a fee in August 1998. Additionally, Mr. Mason – who eventually was discharged by Mr. Trawick – had the right to seek reimbursement for the work he performed on Mr. Trawick's behalf prior to being discharged. Under such circumstances, the matter should be remanded for the Board to determine the fee that reflects Mr. Trawick's contribution. *See Scates v. Principi*, 282 F.3d 1362, 1366 (Fed. Cir. 2002) ("[A]n attorney . . . discharged by the client before the case is completed

---

[7] In 2006, Congress altered section 5904(c)(1), such that veterans denied benefits in a rating decision may retain paid counsel for assistance the administrative and judicial appeal process "after the date on which the notice of disagreement is filed." 38 U.S.C. § 5904(c)(1) (2006).

[ ] is not automatically entitled to the full twenty percent fee. He may receive only a fee that fairly and accurately reflects his contribution to and responsibility for the benefits awarded."); *Lippman v. Shinseki*, 23 Vet.App. 243, 256 (2009) ("Because [the veteran] objected . . . to the payment of the supplemental attorney fee . . . , VA was obligated to review the fee agreement and reduce the fee to be paid if it was excessive or unreasonable.").

"The concept of 'finality' with respect to judicial decisions does not have a single meaning applicable in all contexts." *Stanley v. Principi*, 283 F.3d 1350, 1355 (Fed. Cir. 2002); *see also Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality is variously defined . . . its precise meaning depends on context."). The same is true with respect to Board decisions. *Stanley*, 283 F.3d at 1355 (citing *Howard v. Gober*, 220 F.3d 1341, 1344 (Fed. Cir. 2000) (addressing finality of a Board decision)). Thus, it is well settled, for example, that when a request for reconsideration is filed within the time permitted to file an appeal with the Court (120 days), finality is abated for purposes of filing an appeal, and a new 120-day period to appeal begins when the Board Chairman renders a decision on the reconsideration request. *Rosler v. Derwinski*, 1 Vet.App. 241, 249 (1991) (holding that a motion for reconsideration abates the finality of the Board decision and that the appeal period is tolled); *see Fithian v. Shinseki*, 24 Vet.App. 146, 149 (2010) ("a Board decision is no longer final once a motion for reconsideration is [timely] filed"); *Rickett v. Shinseki*, 23 Vet.App. 366, 371 (2010) ("[F]inality does not attach until the Board Chairman renders a decision denying the [timely] motion for reconsideration . . . ."), *rev'd on other grounds*, 421 F. App'x 967 (Fed. Cir. 2011); *see also ICC v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270, 284 (1987) ("[P]etitions for reconsideration . . . [render] the orders under reconsideration nonfinal."); *Mondero v. Nicholson*, 129 F. App'x 605, 607 n.1 (Fed. Cir. 2005) (acknowledging the adoption of *Rosler* in *Linville v. West*, 165 F.3d 1382, 1385-86 (Fed. Cir. 1999)).

The same rationale applies with regard to the retention of counsel, and application of section 5904(c)(1). When a veteran proceeds on his own and files for reconsideration within one year of an adverse Board decision, finality of that decision is abated for the purposes of section 5904(c)(1), and, if reconsideration is denied, the claimant has one year from the date of the denial of reconsideration to retain paid counsel for further proceedings before the Board and Secretary. To hold otherwise, essentially would be to mandate a claimant to retain paid counsel when seeking reconsideration of

18

the Board decision, or lose the right to so retain paid counsel if the Board Chairman takes more than one year to render a decision. *Cf. Rosler*, 1 Vet.App. at 246 (rejecting as an "onerous burden" the notion that a claimant filing a motion for reconsideration must also file an appeal to the Court to preserve his right to appeal). No policy supports forcing a veteran to seek counsel while still pursuing a claim within the informal adjudication process below, or the loss of his right to do so when efforts to seek recourse are rejected more than a year later.

As to the majority's belief that the issue of finality should not be addressed, I obviously disagree. I understand that there are policy reasons for the Court not to address an argument not explicitly raised, particularly when an appellant is represented by counsel and, as here, is an attorney himself. However, this issue was not "invent[ed]" solely by myself. *Ante* at section IV.C. Rather, it reasonably was raised by the statute, caselaw, the record of proceedings (which reflects the Board's recognition of Mr. Trawick's motion for reconsideration), and the well-established fact that finality depends on context. *See Clay* and *Stanley*, both *supra*; *see also Forshey v. Principi*, 284 F.3d 1335, 1357 n.20 (Fed. Cir. 2002) (an appellate court's "'duty is to enunciate the law on the record facts'" (quoting *Empire Life Ins. Co. of Am. v. Valdak Corp.*, 468 F.2d 330, 334 (5th Cir. 1972))), *overruled on other grounds by Morgan v. Principi*, 327 F.3d 1357 (Fed. Cir. 2003).

In addition, the dramatically fluctuating litigative posture of this case supports a discussion of the statutory interpretation issue raised by this case. In short, the Secretary initially agreed with Mr. Mason that (1) the Board erred as to Mr. Mason's eligibility, and (2) reasonableness was the only disputed issue. Amicus entered and likewise agreed. Only after Mr. Trawick intervened with a well-written brief did the Secretary change his position. Although the majority correctly note that 10 briefs were submitted in this case, they fail to recognize that the Secretary reversed his position in this litigation in the *tenth and final* brief. In this context, it is eminently understandable why Mr. Trawick did not explicitly present an alternative argument on section 5904(c)(1) in his briefs. Such circumstances only add to the propriety of addressing the statutory interpretation issue raised by this case. *See Davis v. United States*, 512 U.S. 452, 464 (1994) (Scalia, J., concurring) (generally, "refusal to consider arguments not raised is a sound prudential practice," but "there are times when prudence dictates the contrary").

Moreover, the issue is dispositive. *See U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am.*,

19

508 U.S. 439, 447 (1993) ("[A] court may consider an issue 'antecedent to . . . and ultimately dispositive of' the dispute before it, even an issue the parties fail to identify and brief." (quoting *Arcadia v. Ohio Power Co.*, 498 U.S. 73, 77 (1990))). The majority's application of section 5904 (c)(1) – done without considering the effect of Mr. Trawick's motion for reconsideration on the finality of the Board decision or the commencement of the one-year period to retain paid counsel – serves to bar Mr. Mason from receiving any compensation for the work he did at the Board for Mr. Trawick. As shown above, a proper application of caselaw and canons of interpretation render a conclusion that Mr. Trawick's motion for reconsideration abated the finality of the June 1997 Board decision for the purposes of section 5904(c)(1) until the Chairman rendered a decision on that motion in June 1998, such that the retention agreement in this instance was entered into within one year of the first final Board decision.

Further, the purpose of the one-year period to retain paid counsel was to obstruct the retention of attorneys for attempts to reopen claims after a number of years without any action. *See* 134 CONG. REC. S16,632-01 (Oct. 18, 1988) (Sen. Cranston, noting that the purpose of the one-year period was "to address the possibility of a claimant receiving a final B[oard] decision, waiting a number of years without any action, and then retaining an attorney to request a reopening and pursuit of the claim at the [RO] level"). That purpose is in no way fulfilled here, where Mr. Trawick never sat on his laurels with many years of inaction. Rather, he promptly sought reconsideration of his Board decision and promptly retained counsel after having his request for reconsideration denied. The majority's application of section 5904(c)(1) in this instance contravenes the purpose behind the statute. As shown above, such an application is not mandated by the statute, our caselaw, or the canons of interpretation.

Finally, this is a significant issue, involving considerations of due process, a right to adequate legal representation, and a right to contract. *See Walters v. Nat'l Ass'n of Radiation Survivors*, 473 U.S. 305, 312-16 (1985); *Stanley*, 283 F.3d at 1355-57. Factors underlying the original enactment of attorney fee limitations, such as concerns about unscrupulous attorneys, and even factors underlying the Supreme Court's decision in *Walters* to reverse a preliminary injunction on such limitations are now different or no longer present. *Compare Walters*, 473 U.S. at 321-22, *with* Veterans Judicial Review Act, Pub. L. No. 100-687 (Nov. 18, 1988) (effective June 1, 1989).

Although the one-year period in which a claimant may retain paid counsel for representation before the Secretary or the Board is restrictive of the right to retain paid counsel, the degree of restrictiveness is dependent on the meaning of when a Board decision becomes final for the purposes of section 5904(c)(1).  Because the concept of finality is context dependent, *Stanley*, *supra*, and an overly restrictive application of section 5904(c)(1) is inconsistent with the purpose behind establishing the one-year period, we should address the meaning of finality as used in section 5904(c)(1) in the context of a motion for reconsideration, find that Mr. Trawick had a right to retain Mr. Mason for a fee in this case, and remand the matter for the Board to award a fee reflecting Mr. Mason's contribution to Mr. Trawick's case.