# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 20-2314

EUGENE COSTELLO, APPELLANT,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided February 23, 2023)

*Michael S. Just*, of Providence, Rhode Island, was on the brief for the appellant.

*Richard J. Hipolit*, Deputy General Counsel; *Mary Ann Flynn*, Chief Counsel; *Dustin P. Elias*, Deputy Chief Counsel; and *James L. Heiberg*, all of Washington, D.C., were on the brief for the appellee.

Before PIETSCH, MEREDITH, and LAURER, *Judges*.

PIETSCH, *Judge*: Appellant Eugene Costello appeals through counsel a January 28, 2020, Board of Veterans' Appeals (Board) decision in which the Board denied an initial disability rating higher than 10% for coronary artery disease (CAD) and an effective date earlier than October 2, 2018, for service connection for CAD. Record (R.) at 4-12. The sole argument that the appellant presents before the Court is whether 38 C.F.R. § 20.1305(a) is facially invalid because it provides illusory notice and necessarily denies all claimants their constitutional right to due process of law. Appellant's Brief (Br.) at 4-10. On September 8, 2021, the Court formed a panel to address that issue. This appeal is timely and the Court has jurisdiction over the matters on appeal pursuant to 38 U.S.C. §§ 7252(a) and 7266. For the reasons that follow, the Court will affirm the Board's decision.

## I. FACTS

Appellant Eugene Costello served on active duty in the United States Army from July 1962 to July 1965. R. at 2871. On October 2, 2018, he filed a disability compensation claim and on February 12, 2019, he was granted service connection for CAD as directly related to military service. R. at 243-47. The VA regional office (RO) assigned a 10% disability rating effective from

October 2, 2018, the date of claim. *Id.* Mr. Costello timely disagreed with the disability rating and effective date assigned for his service-connected CAD. R. at 217-18. The RO issued a Statement of the Case (SOC) in November 2019 continuing the denial. R. at 88-136. Mr. Costello appealed to the Board later that month but did not submit any argument or request a hearing. R. at 26.

On December 30, 2019, Mr. Costello and his representative received notice from the Board that his appeal had been certified to the Board and that he had 90 days or until the Board issued a decision, whichever came first, to submit additional argument or evidence, or to request a change in representation. R. at 13. On January 28, 2020, 29 days after the Board's letter, the Board issued the decision presently under review, denying an initial disability rating higher than 10% for CAD and an effective date earlier than October 2, 2018, for service connection for CAD. R. at 5-12. In its decision, the Board noted that Mr. Costello's claim had been advanced on the Board's docket. *Id.* On July 15, 2022, the Court asked the Secretary to address whether the appellant had filed a motion to advance his claim on the Board's docket, or whether the Board had advanced the claim on the docket on its own motion. On August 1, 2022, the Secretary responded that the Board had advanced the claim on the docket on its own motion because the appellant was of "advanced age" as defined in 38 C.F.R. § 20.902(c)(1). Secretary's Aug. 1, 2022, Response at 1, Exhibit A. The Secretary also noted that the appellant's representative had, in a previous appeal, requested that the appellant's claim in that appeal be advanced on the docket because of his advanced age, and that the Board had granted the motion. *Id.* at 1-2, Exhibits B, C.

## II. THE PARTIES' ARGUMENTS

### A. The Parties' Initial Briefs

The appellant's sole argument on appeal is that § 20.1305(a) is facially invalid because it necessarily denies a claimant due process of law. Appellant's Br. at 4-10. The challenged regulation provides for "Procedures for legacy appellants to request a change in representation, personal hearing, or submission of additional evidence following certification of an appeal to the Board of Veterans' Appeals." 38 C.F.R. § 20.1305 (2019).[1] Specifically, subsection (a) begins:

> An appellant in a legacy appeal, as defined in § 19.2 of this chapter, and his
> or her representative, if any, will be granted a period of 90 days following

---

[1] Effective February 19, 2019, VA amended § 20.1304(a) and renumbered it § 20.1305(a). *See* VA Claims and Appeals Modernization, 84 Fed. Reg. 138, 191-92 (Jan. 18, 2019).

the mailing of notice to them that an appeal has been certified to the Board for appellate review and that the appellate record has been transferred to the Board, or up to and including the date the appellate decision is promulgated by the Board, whichever comes first, during which they may submit a request for a personal hearing, additional evidence, or a request for a change in representation.

38 C.F.R. § 20.1305(a) (2019).

The appellant argues that the language "or up to and including the date the appellate decision is promulgated by the Board, whichever comes first" is facially invalid and violates the Due Process Clause of the U.S. Constitution because it offers only illusory notice that is fundamentally unfair and does not afford claimants before the Board the right to be heard in a meaningful manner. Appellant's Br. at 5-6. Therefore, he appears to argue that all claimants are denied procedural due process when the Board issues a decision less than 90 days after certification. *Id.* at 6. The appellant further asserts that in this facial due process challenge, the *Mathews* factors apply and weigh in his favor. *Id.* at 6-8 (citing the Supreme Court's analysis of three factors in *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976), in determining whether a claimant has been given the opportunity to be heard at a meaningful time and in a meaningful manner). The appellant argues that all three *Mathews* factors weigh in his favor because the private interest is in receipt of disability benefits, *id.* at 7 (citing *Cushman v. Shinseki*, 576 F.3d 1290, 1298 (Fed. Cir. 2009)); the risk of erroneous deprivation is significant because if the Board may promulgate a decision any time before the end of the 90-day period, a claimant in effect has no idea how long he or she has to request a hearing, gather and submit evidence, or request a change in representation, *id.* at 7-8; and no government interest could outweigh a claimant's need for notice of a date certain for carrying out those actions, *id.* at 8.

The appellant also argues that § 20.1305(a) conflicts with 38 C.F.R. § 19.36 (providing that VA will notify a claimant and his or her representative of (1) when the appeal is certified and transferred to the Board and (2) the time limit for requesting a change in representation, for requesting a personal hearing, and for submitting additional evidence described in § 20.1305) and renders § 19.36 moot because § 20.1305(a) fails to provide notice of the "time limit"—a date certain—before which an appellant may request a hearing, submit additional evidence, or request a change in representation. *Id.* at 9. He cites *Prickett v. Nicholson*, 20 Vet.App. 370 (2006), for the proposition that the two regulations together "'advise the appellant, and any representative, that the

appellant has 90 days from the date of that letter in which to request a change in representation, request a personal hearing, and submit additional evidence.'" *Id.* (quoting *Prickett*, 20 Vet.App. at 382-83). The appellant asks the Court to strike from § 20.1305(a) the clause "or up to and including the date the appellate decision is promulgated by the Board, whichever comes first," and to hold that in all cases initially certified to the Board in the legacy appeals system, and absent an explicit waiver, an appellant shall be provided 90 days following the mailing of notice that an appeal has been certified to the Board, during which an appellant may request a hearing, submit additional evidence and argument, or request a change in representation. *Id.* at 9-11.

The Secretary responds that § 20.1305(a) expressly permits the Board to issue a decision before the 90-day period expires. Secretary's Br. at 3, 12. And the Secretary asserts that the appellant has not met his burden to demonstrate that the regulation is invalid and violates constitutional due process rights. *Id.* at 5-13. First, the Secretary asserts that the appellant misinterprets the purpose of the regulation, noting that the appellant's reading is contrary to the plain language and the regulatory history. *Id.* at 10-13. Rather than providing a "date certain" to submit evidence, the Secretary asserts that the regulation's stated purpose is to provide a "cut-off date" to assist the Secretary in orderly and prompt appeal processing and to clarify the evidence the Board considers in deciding an appeal. *Id.* at 10-13 (referring to Appeals Regulations and Rules of Practice; Request for Change in Representation, Request for Personal Hearing, or Submission of Additional Evidence Following Certification of an Appeal to the Board of Veterans Appeals, 55 Fed. Reg. 20,144, 20,144-45 (May 15, 1990)). The Secretary also argues that because the protected property interest is the benefit sought, not the Board's review, the entire appeal period must be considered in determining whether a veteran was deprived of notice and opportunity to be heard in pursuit of the desired benefit. *Id.* at 5-7. Accordingly, the Secretary argues that the appellant was given adequate notice and an opportunity to be heard over the course of his appeal. *Id.* at 7-10. Last, the Secretary asserts that the appellant did not argue that the regulation was unconstitutional as applied to him or violates principles of fair process, because he did not communicate that he intended to request a hearing, submit evidence, or seek a change in representation within the 90-day period or that the 29 days provided was not enough time to take those actions. *Id.* at 3-4, 7-8.

In reply, the appellant argues that the functional difference between the RO and the Board—the former developing evidence and rendering initial decisions and the latter acting

4

primarily as an appellate tribunal—weighs against the Secretary's position that the Court should look at the entirety of the adjudication process in making a due process determination. Reply Br. at 1-2. He maintains that the notice provided by § 20.1305(a), "as written, is capricious, illusory, and fundamentally unfair," *id.* at 5, and he thus renews his request that the Court hold that the regulation violates due process, *id.* at 5-7.

B. Supplemental Memoranda of Law

On November 4, 2021, the Court ordered the parties to submit supplemental memoranda of law (MOL). *Costello v. McDonough*, U.S. Vet. App. No. 20-2314, at 1, 3 (Nov. 4, 2021) (per curiam order) (Nov. 2021 Order). The Court first asked the parties to address whether there was any regulatory history or other authority that explains why the clause the appellant challenges— "or up to and including the date the appellate decision is promulgated by the Board, whichever comes first"—was added to the regulation. *Id.* at 1-2. The appellant argues that there is no regulatory history that speaks to the Court's question, and therefore the Secretary "should not be afforded any deference." Appellant's Supplemental (Supp.) MOL at 1. The Secretary argues that VA's description of the regulation in the Federal Register is consistent with the regulation's purpose as a cutoff date "to restrict the previously unlimited open record system." Secretary's Supp. MOL at 5; *see id.* at 2-5.

The Court next observed that in implementing the Veterans Appeals Improvement and Modernization Act of 2017 (AMA), Pub. L. 115-55, 131 Stat. 1105, VA modified § 20.1304 and renumbered it § 20.1305 for legacy appellants while also promulgating 38 C.F.R. § 20.202, adopting, for appellants who choose an evidence submission option under the AMA, a guaranteed but waivable 90-day window for submitting evidence or argument to the Board. Nov. 2021 Order at 2. The Court asked the parties to address whether VA's retaining "the language in § 20.1305 for legacy appellants but adopti[ng] . . . a defined period for submitting evidence or argument under the modernized appeals framework indicate[s] anything about the purpose and proper interpretation of § 20.1305 and § 19.36?" *Id.*

The appellant argues that VA's adopting a defined period for submitting evidence under the AMA "demonstrates its recognition that there is a fundamental requirement for a date certain by which a veteran's time to submit evidence and argument expires." Appellant's Supp. MOL at 1-2. The Secretary, however, argues that § 20.1305(a) must be read in the context of the open record of the legacy appeals system and not in the context of the closed record of appeals under

5

the AMA, and that the appeals mechanisms are unrelated to each other. Secretary's Supp. MOL at 5-8.

The Court next asked the Secretary to explain why he did not respond to the appellant's argument that the challenged clause of § 20.1305(a) conflicts with the purpose of § 19.36. Nov. 2021 Order at 2. The Secretary maintains that he did not respond to the appellant's argument that there is a conflict between § 20.1305(a) and § 19.36 because the regulations must be read together and § 19.36 references the time period "'described in'" § 20.1305, and thus there is no conflict. Secretary's Supp. MOL at 8-10 (quoting 38 C.F.R. § 19.36).

Next, the Court asked the parties to address, given the language in § 20.1305(b), whether claimants may show good cause for submitting evidence, requesting a change in representation, or requesting a hearing after a Board decision is rendered. Nov. 2021 Order at 2. The Court asked the parties to explain whether, if such a motion was allowed, it would need to be made as part of a postdecisional motion to vacate or to reconsider the Board's decision. *Id.* The Court also asked the parties to address whether the availability or unavailability of a postdecisional remedy affected whether due process had been provided. *Id.* at 3.

The appellant argues that a claimant could file such a motion after a Board decision is rendered, and the Board may or may not grant the motion, but such a remedy would not affect whether due process had been provided. Appellant's Supp. MOL at 2-4. He asserts this is the case because once the Board issues a decision, the appellant's right to submit additional evidence and have the evidence considered by the Board is "no longer unequivocal." *Id.* at 4 (emphasis omitted). The Secretary argues that the plain language of the regulation and principles of finality prohibit a claimant from filing a postdecisional motion for good cause under § 20.1305(b). Secretary's Supp. MOL at 10-12. Further, the Secretary asserts that the unavailability of a postdecisional motion for good cause does not violate the appellant's right to due process when viewed in the context of the legacy appeals system. *Id.* at 12-13.

Last, the Court cited the U.S. Supreme Court's standard for evaluating facial due process challenges in *United States v. Salerno*, 481 U.S. 739, 745 (1987), and asked the parties to address whether § 20.1305(a) is invalid in all circumstances. Nov. 2021 Order at 3. The parties filed opposing arguments, with the appellant arguing that the part of the regulation he challenges is invalid in all circumstances. Appellant's Supp. MOL at 5-6. He contends, however, that there are three circumstances that "could render moot the deficiency presented by the [challenged]

language": (1) the Board issues its decision after the 90-day period expires; (2) a veteran or the veteran's representative expressly waives the 90-day period; or (3) VA amends the regulation to strike the offending clause and instead provide a 90-day limit. *Id.* at 6. On the other hand, the Secretary argues that, except as limited by this Court's decision in *Bryant v. Wilkie*, 33 Vet.App. 43 (2020), the regulation is valid in all circumstances. Secretary's Supp. MOL at 13-15.

## III. ANALYSIS

### A. Facial Due Process Challenge

#### *1. The Issue Presented*

Throughout his briefs, the appellant asserts that § 20.1305(a) facially violates VA claimants' right to due process because it does not afford meaningful notice and an opportunity to respond. The appellant does not assert that the regulation violates substantive due process; therefore, the Court will consider only his contention that the regulation violates VA claimants' procedural due process rights.

#### *2. The Law*

The Fifth Amendment to the U.S. Constitution provides that "No person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. "[T]he Due Process Clause provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). In *Cushman*, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held that a veteran's entitlement to disability benefits is a property interest protected by the Due Process Clause. 576 F.3d at 1298. An essential principle of procedural due process is that deprivation of a protected interest must "be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). Notice is constitutionally sufficient if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314; *see Goldberg v. Kelly*, 397 U.S. 254, 267 (1970). If "these conditions are reasonably met, the constitutional requirements are satisfied." *Mullane*, 339 U.S. at 314-15. However, notice is of little value "unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." *Id.* at 314; *see Dealy v. Heckler*, 616 F. Supp. 880, 886 (W.D. Mo. 1984)

7

("Adequate notice requires accuracy in the description of legal rights and options available to parties.").

When an appellant presents a facial challenge to the constitutionality of a statute or regulation, the appellant asserts that the law is wholly invalid and incapable of any valid application. The U.S. Supreme Court has held that to succeed in a facial due process challenge outside the First Amendment context, the challenger must demonstrate that "no set of circumstances exists under which [the regulation] would be valid." *Salerno*, 481 U.S. at 745; *see Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008); *see also Bowling v. McDonough*, 33 Vet.App. 385, 400 (2021), *aff'd*, 38 F.4th 1051 (Fed. Cir. 2022).[2] When assessing whether a statute or regulation meets this standard, courts consider only applications that actually authorize or prohibit conduct. *City of Los Angeles v. Patel*, 576 U.S. 409, 419 (2015). The Court reviews questions of constitutional interpretation de novo. *Buzinski v. Brown*, 6 Vet.App. 360, 365 (1994).

*3. The appellant does not meet his burden to show that § 20.1305(a) facially violates procedural due process rights VA claimants have under the Fifth Amendment.*

The appellant asserts that § 20.1305(a) facially violates VA claimants' procedural due process rights because the regulation offers only illusory notice that is fundamentally unfair and does not afford claimants before the Board the right to be heard in a meaningful manner. Appellant's Br. at 5-8. He further contends that § 20.1305(a) is "manifestly inconsistent" with 38 C.F.R. § 19.36 because it fails to provide notice of the "'time limit'"—a date certain—by which an appellant may request a hearing, submit additional evidence, or request a change in representation. Appellant's Supp. MOL at 5 (quoting 38 C.F.R. § 19.36); *see* Appellant's Br. at 8-9. These arguments are not persuasive.

First, to the extent that the appellant suggests that a conflict between regulations renders § 20.1305(a) constitutionally infirm, he does not offer any legal support for his contention or discernably interpret or analyze the regulations. Thus, the Court finds no weight in any contention that a conflict between § 19.36 and § 20.1305(a) renders the latter regulation invalid in all

---

[2] As the Federal Circuit noted in *Bowling*, the "no set of circumstances" standard for demonstrating that a statute or regulation is facially invalid has been recently questioned in facial-vagueness challenges in *Johnson v. United States*, 576 U.S. 591, 602 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204, 1214 n.3 (2018). *See Bowling*, 38 F.4th at 1061 n.4. However, the standard has not been abrogated or overturned in a facial procedural due process challenge such as the one we have here.

circumstances. *See Brewer v. West*, 11 Vet.App. 228, 236-37 (1998) (holding that the Court need not address mere assertions of constitutional impropriety that have no legal support); *see also Hilkert v. West*, 12 Vet.App. 145, 151 (1999) (en banc) (holding that the appellant bears the burden of demonstrating error on appeal), *aff'd per curiam*, 232 F.3d 908 (Fed. Cir. 2000). As for his argument that the regulation offers only illusory notice, the appellant asserts that the Court should apply the *Mathews* balancing test, find that the factors weigh in his favor, and conclude that the regulation is facially invalid. Appellant's Br. at 6-8. But weighing the *Mathews* factors to determine whether the procedures afforded are constitutionally adequate is incompatible with the appellant's argument that no additional process can save the regulation: it is always unconstitutional, or it is facially valid. Further, though the appellant asserts that there are no circumstances under which the regulation is valid, he advances several arguments that undermine his attempt to show that the regulation is constitutionally infirm in all instances.

The appellant first contends that the due process violation he alleges is "moot" in cases where the Board issues a decision more than 90 days after an appeal is certified to the Board. Appellant's Supp. MOL at 6. But he maintains that a "moot" violation differs from a constitutional application of the regulation. *Id.* He asserted in his opening brief that the right at issue was notice of a "date certain" by which the claimant must act. Appellant's Br. at 8-9. Because it is unclear how the timing of the Board decision could moot a due process violation caused by lack of a date certain, it is equally unclear on what basis the appellant is asserting that a claimant's rights would have been violated in the first place.

Second, the appellant asserts that the violation is moot—but the regulation still unconstitutional—if a claimant expressly waives the 90-day period. Appellant's Supp. MOL at 6; *see* Appellant's Br. at 9. But he does not argue that a claimant cannot submit such a waiver before receiving the notice under § 20.1305(a), for example, with the claimant's Notice of Disagreement or appeal to the Board. *See Bryant*, 33 Vet.App. at 45 (noting that the veteran submitted his intent to submit additional evidence during the 90-day period with his appeal to the Board, well before he received the § 20.1305(a) notice). As alluded to in the *Bryant* decision, there may be questions about how VA administers the regulation, such as how a waiver is accomplished and whether the Board may restrict the period to less than 90 days if the appellant asks for more time. *Id.* at 46 n.4,

47 n.6. But the appellant does not challenge the administration of the regulation and the Court thus declines to discuss it.[3]

Though the appellant's first argument focuses on the notice issue, his argument that the regulation is invalid absent a waiver appears to center on the issue of the opportunity to respond. As the appellant notes in his initial brief, in *Bryant* the Court expressed that it was "troubled by the Secretary's statement at oral argument that § 20.1304(a) permits the Board to deny an appeal the same day that it notifies an appellant that the appeal has been certified and appellate record transferred to the Board." 33 Vet.App. at 46. But the appellant has not shown that this scenario is more than a hypothetical.

Last, the appellant argues that the alleged deficiency in § 20.1305(a) could be rendered moot and the regulation "could be valid if it is amended"; i.e., the regulation could be valid if VA amends the regulation to (1) require a decision after the 90-day period expires, unless the requirement is expressly waived, or (2) eliminate the clause—"or up to and including the date the appellate decision is promulgated by the Board, whichever comes first." Appellant's Supp. MOL at 6; 38 C.F.R. § 20.1305(a); *see* Appellant's Br. at 9 ("The Court should strike the clause 'or [up to and including] the date the appellate decision is promulgated by the Board, whichever comes first,' under 38 C.F.R. [§] 20.1305(a) as invalid and a violation of a veteran's due process rights." (quoting 38 C.F.R. § 20.1305(a)); *id.* ("[T]he Court should hold that in all cases initially certified to the Board, and absent an explicit waiver, a veteran shall be provided 90 days."). The appellant maintains that either amendment would "resolve" the due process violation because he would be provided "a 90-day 'time limit'" consistent with § 19.36. Appellant's Supp. MOL at 6 (quoting 38 C.F.R. § 19.36). Yet he does not argue how, in the context of this litigation, the Court would have the authority to write requirements into the regulation. Nor does he explain why an explicit waiver should be required, particularly where a claimant has submitted evidence before the end of the 90-day period or previously requested that his or her case be expedited.

---

[3] Appellant argued in his opening brief:

> By informing Mr. Costello that he had the right to submit a request for a personal hearing, additional evidence, or a request for a change in representation within 90 days but then stating that this right could be taken away at any moment without prior warning, the Board gave Mr. Costello no actual notice at all.

Appellant's Br. at 7-8. If the appellant meant to challenge the Board's practice of not notifying the claimant before it decides a claim within 90 days of certification, he fails to expound on this argument in the rest of his briefing and supplemental memorandum of law.

Further, even assuming that the Court were to conclude that the clause—"or up to and including the date the appellate decision is promulgated by the Board, whichever comes first," 38 C.F.R. § 20.1305(a)—is facially invalid, the appellant does not cite any authority or argue why striking the offending clause is an appropriate remedy. *See* Appellant's Br. at 9. *But see Mayor of Balt. v. Azar*, 973 F.3d 258, 292 (4th Cir. 2020) ("To determine whether we should merely excise the offending section of the Final Rule, we ask, 'Would the [rulemaking body] have passed the statute without the [offending] section?'" (quoting *Leavitt v. Jane L.*, 518 U.S. 137, 139 (1996) (per curiam))); *North Carolina v. Env't Prot. Agency*, 531 F.3d 896, 929 (D.C. Cir. 2008) ("Severance and affirmance of a portion of an administrative regulation is improper if there is substantial doubt that the agency would have adopted the severed portion on its own." (internal quotation marks omitted)). If the appellant seeks to modify the regulation, he may file a petition for rulemaking under 5 U.S.C. § 553(e), and, if necessary, seek judicial review of VA action on the petition in the Federal Circuit, under 38 U.S.C. § 502. *See Preminger v. Sec'y of Veterans Affairs*, 632 F.3d 1345, 1353 (Fed. Cir. 2011).

Ultimately, the appellant has only offered one instance in which § 20.1305(a) could potentially deprive a claimant of constitutional due process. If the Board promulgated a decision on the same day that it sent the certification notice, then such action, absent a waiver, could potentially deprive a claimant of notice and the opportunity to be heard at the Board. And even in that instance it is not clear that a claimant would always be deprived of his or her constitutional due process protections. And such a scenario is the exact type of "speculation" that in *Salerno* the Supreme Court cautioned against in explaining why facial challenges are disfavored. The appellant offers only a hypothetical; he does not aver that such a scenario has ever occurred. And the Court's other precedential cases concerning § 20.1305(a) and its antecedents, such as *Bryant* and *Williams v. Wilkie*, 32 Vet.App. 46, 57 (2019), *aff'd*, 828 F. App'x 721 (Fed. Cir. 2020), also do not suggest such a scenario is anything more than hypothetical. Finally, even if the Court held such a scenario unconstitutional, that one scenario would not satisfy any bar for a facial challenge. Holding such a scenario unconstitutional does not pass *Salerno*'s "no set of circumstances" test. Thus, under the *Salerno* standard, the appellant has not shown that § 20.1305(a) is invalid in all circumstances and therefore has not met the bar to sustain a facial challenge to the regulation.

11

B. The appellant's argument that 38 U.S.C. § 7104(a) requires the Court to examine only the postcertification period is undeveloped.

The Secretary responds to the appellant's argument that the *Mathews* factors weigh in his favor by arguing that the appellant was given notice and an opportunity to respond during the entire appeals process. Secretary's Br. at 8-10. But as the Secretary also acknowledges, *id.* at 3-4, the appellant never made an as-applied due process challenge. And the appellant does not argue that the entire appeals process deprived him or any claimant before the Board of the claimant's notice and opportunity to respond. Instead, he argues in his reply brief that the right to submit additional evidence to the Board for review in the first instance differentiates the postcertification period from notice and opportunity to respond provided earlier in the appeals process, because a claimant has the right to "one review on appeal" under 38 U.S.C. § 7104(a). Reply Br. at 1-3. The appellant's arguments may warrant closer scrutiny if he were making an as-applied due process challenge concerning submitting evidence for only the Board's consideration, but his argument is out of place in a facial due process challenge, which requires him to show that the regulation is invalid in all circumstances. *See Salerno*, 481 U.S. at 745. He thus fails to develop his argument well enough for the Court to consider it. *See Locklear v. Nicholson*, 20 Vet.App. 410, 416 (2006) (holding that the Court will not entertain undeveloped arguments). The Court should avoid opinions that are advisory in nature and will decline to consider a hypothetical scenario in which a claimant wishes to submit additional evidence solely for the Board's consideration. *See Quirin v. Shinseki*, 22 Vet.App. 390, 395 (2009).

C. Arguments Not Presented

*1. The appellant does not challenge the Secretary's interpretation of the regulation.*

In his opening brief, the appellant argues that the purpose of § 20.1305(a) is to provide "notification of a date certain" of the time a claimant has to request a hearing, submit evidence and argument, or request a change in representation, in other words to notify a claimant that on a certain date this time "expires"; the appellant relies on the Court's statement in *Prickett* that together, § 19.36 and § 20.1304 advise claimants that they have 90 days to take those actions. Appellant's Br. at 9 (citing *Prickett*, 20 Vet.App. at 382-83).

The Court is not persuaded for several reasons. First, the *Prickett* Court did not purport to interpret the language or purpose of § 20.1304(a). *See* 20 Vet.App. at 382-83. Rather, the Court addressed Mrs. Prickett's argument that the Board violated §§ 19.36 and 20.1304 because the

Board provided notice only to her representative. *Id.* To the extent the Court loosely paraphrased the regulations, we apply the rule that "general expressions must be taken in the context in which they were rendered." *Douglas v. Shinseki*, 23 Vet.App. 19, 25 (2009) (citing *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 399-400, 5 L. Ed. 257 (1821)). Further, in *Williams*, though the Court concluded that § 20.1304(a) does not apply to cases returning to the Board after a Board remand, the Court explained that "§ 20.1304(a) sets forth a maximum, not minimum, 90-day period for submitting additional evidence and argument to the Board without needing to show good cause." 32 Vet.App. at 57.

Moreover, despite ample opportunity, the appellant fails to address the regulatory history generally, or the Secretary's reliance specifically on statements in the Federal Register, that support the Secretary's contention that the purpose of the regulation is to provide a "cutoff" date to restrict the previously unlimited open record system in order to allow for the orderly and prompt processing of appeals, and that the language of § 20.1305(a) is therefore consistent with its purpose. Secretary's Br. at 10-12; Secretary's Supp. MOL at 3-5. In that regard, the Secretary refers to VA's explanation, provided in the Federal Register when VA amended § 19.174, the precursor to § 20.1304(a), as revealing the regulation's purpose to provide a "cutoff" time to restrict the previously unlimited open record system:

> On July 6, 1989, VA published in the Federal Register (54 FR 28445) a notice proposing amendment of 38 C[.]F[.]R[. §] 19.174 to add a cutoff date following which an appellant cannot submit a request for a change in representation and an appellant and/or representative cannot submit additional evidence or a request for a personal hearing in a case which has been transferred to the B[oard] for appellate consideration.

55 Fed. Reg. at 20,144.

In sum, the appellant has offered no developed or persuasive challenge to the Secretary's interpretation of § 20.1305(a) or § 19.36. Accordingly, the Court will not further consider the matter.

### 2. The appellant does not challenge the regulation as applied to the facts of his case.

As noted above, the Court finds that the appellant does not present an as-applied due process challenge to § 20.1305. In his principal brief, he states that the lack of a date certain to present evidence, request a hearing, or change representation amounts to a facial violation of his right to due process. Appellant's Br. at 6. But he does not allege that the Board's notice letter was misleading or that he did not receive it before the Board adjudicated his claims. *Cf. Noah v.*

*McDonald*, 28 Vet.App. 120, 131-32 (2016). Nor did the appellant file a motion to vacate the Board's decision under § 20.1000(a) alleging that he was deprived of due process. Instead, the appellant consistently argues only that § 20.1305 is facially invalid. Appellant's Br. at 6-9; Appellant's Reply Br. at 3-5.

And though the Secretary analyzes whether the appellant was personally provided notice and the opportunity to be heard over the entire course of his appeal, Secretary's Br. at 8-10, the appellant did not factually refute the Secretary's argument in either his reply brief or supplemental memorandum of law. Reply Br. at 1-7; Appellant's Supp. MOL at 1-6. The Court thus finds that the appellant has waived any argument that the entire appeal process deprived him of his constitutional right to notice and an opportunity to be heard. *See Pederson v. McDonald*, 27 Vet.App. 276, 283 (2015) (en banc) ("[T]his Court, like other courts, will generally decline to exercise its authority to address an issue not raised by an appellant in his or her opening brief."); *Carbino v. Gober*, 10 Vet.App. 507, 511 (1997) (declining to review argument first raised in appellant's reply brief), *aff'd sub nom. Carbino v. West*, 168 F.3d 32, 34 (Fed. Cir. 1999) ("[I]mproper or late presentation of an issue or argument . . . ordinarily should not be considered."). Because the appellant does not make any discernable as-applied due process challenge, the Court will not express any opinion on an as-applied challenge to the regulation.

*3. The appellant does not argue, nor does the record reasonably raise, that the Board deprived him or any claimant of fair process.*

If the appellant had sufficiently alleged a fair process violation the Court would have considered it, in adhering to the principle of judicial restraint. *See Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them."); *Smith v. Wilkie*, 32 Vet.App. 332, 337 (2020) (explaining that, when the Court finds a fair process violation, "it need not reach the Constitutional question of due process"). But the Court finds that the appellant has not sufficiently alleged nor does the record suggest that the Board deprived him or any claimant of fair process.

The Court had stayed this case for the Court's decision in *Bryant*, in which the appellant there also raised a facial due process challenge to VA's regulation. But the Court in *Bryant* did not reach that argument because it found that the Board violated principles of fair process when it issued a decision knowing that the appellant intended to submit additional evidence within the

90-day period. 33 Vet.App. at 46-50. The *Bryant* Court found that the veteran having identified argument and evidence that he would have submitted during the 90-day period was essential in determining that the veteran "carried his burden of demonstrating that he was prejudiced by the Board issuing its decision fewer than 90 days after mailing the § 20.1304(a) notice letter." *Id.* at 50 (comparing the veteran's showing of prejudice to the non-prejudicial notice error in *Shinseki v. Sanders*, 556 U.S. 396, 413 (2009)).

Here, the appellant refers in passing to the Court's decision in *Thurber v. Brown*, 5 Vet.App. 119, 123 (1993), for the proposition that VA's claims system "'provides for notice and [an] opportunity to be heard at virtually every step in the process.'" Appellant's Br. at 5 (quoting *Thurber*, 5 Vet.App. at 123); *see* Reply Br. at 5-6. But despite filing his opening brief after the Court's decision in *Bryant*, the appellant does not assert that § 20.1305(a) facially violates principles of fair process or that the Board violated principles of fair process *in his case*. Additionally, the appellant has not even alleged any prejudice stemming from the Board's actions, nor is any prejudice apparent from the circumstances of the case. *See Slaughter v. McDonough*, 29 F.4th 1351, 1355 (Fed. Cir. 2022). The appellant does not argue that he asked the Board to wait to decide his appeal so that he could take one or more of the actions specified by § 20.1305(a). *Cf. Bryant*, 33 Vet.App. at 46-47.

Further, the appellant does not argue that he would have taken any of the actions specified in § 20.1305(a) had he been afforded a set time to do so. Nor does the appellant argue that he relied on any statements by the Board that he had either 90 days or a set amount of time to submit evidence, request a change in representation, or request a hearing. *Cf. Haney v. Nicholson*, 20 Vet.App. 301, 305-06 (2006) (holding that fair process principles required the Board member to notify the veteran of the deadline for submitting evidence after agreeing to hold the record open after his hearing). Nor is there anything in the record showing that the Board developed additional evidence after the SOC was issued that would require VA to provide additional notice and opportunity to respond. *Cf. Thurber*, 5 Vet.App. at 126. The Court assumes that the appellant chose his arguments at the advice of counsel and intended to rely on those arguments. *See Massie v. Shinseki*, 25 Vet.App. 123, 131 (2011), *aff'd*, 724 F.3d 1325 (Fed. Cir. 2013). If there are other examples of a fair process violation as applied to § 20.1305(a), the appellant has not raised them, and the Court will not invent an argument for a represented appellant. *See Mason v. Shinseki*, 25 Vet.App. 83, 95 (2011). Absent any allegation from the appellant that the regulation deprives

him or every claimant of fair process, the Court will not issue an advisory opinion on the matter. *See Quirin*, 22 Vet.App. at 395.

## IV. CONCLUSION

The appellant does not clear the high bar to show that § 20.1305(a) facially deprives a legacy claimant of the claimant's constitutional right to notice and the opportunity to respond if the claimant's appeal is decided less than 90 days after notice that it is initially certified to the Board. After considering the parties' arguments and the record, the Court AFFIRMS the Board's January 28, 2020, decision.